## CONEY & Another *v.* WINCHELL.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR
THE DISTRICT OF CONNECTICUT.

Submitted December 18, 1885.—Decided January 4,.1886.

In a suit in Connecticut for a strict foreclosure of a mortgage of real estate brought against a grantee of the mortgagor, if the mortgagee seeks to charge the mortgagor with any insufficiency in the appraised value of the land to pay the mortgage debt, the latter is a necessary party to the suit so as to prevent a removal of it to a Federal court by his grantee, if he and the mortgagee are citizens of the same State.

This was an appeal from an order remanding a case to a State court. The facts are stated in the opinion of the court.

*Mr. Simeon E. Baldwin* and *Mr. John H. Whiting* for appellants.

*Mr. John W. Alling* for appellee.

Mr. CHIEF JUSTICE WAITE delivered the opinion of the court.

This is an appeal under § 5 of the act of March 3, 1875, 18 Stat. 470, ch. 137, from an order of the Circuit Court remanding a case which had been removed from a State court. The facts are these:

On the 10th of May, 1881, Peter R. Carll, a citizen of Connecticut, gave his three notes to Alvred E. Winchell for $10,000, $6000 and $5000 respectively, all payable five years from that date, with interest at six per cent. per annum. To secure the payment he executed to Winchell a mortgage on certain property in New Haven, Connecticut. He afterwards conveyed his " title, right and interest " in the mortgaged property to George E. Coney, a citizen of New York.

A statute of Connecticut, passed in 1878 and still in force, is as follows:

" SEC. 1. The foreclosure of a mortgage shall be a bar to any further suit or action upon the mortgage debt, note, or obligation, unless the person or persons who are liable for the payment thereof are made parties to such foreclosure.

"SEC. 2. Upon the motion of any party to a foreclosure, the court shall appoint three disinterested appraisers, who shall, under oath, appraise the mortgaged property within ten days after the time limited for redemption shall have expired, and shall make written report of their appraisal to the clerk of the court where said foreclosure was had, which report shall be a part of the files of such foreclosure suit, and such appraisal shall be final and conclusive as to the value of said mortgaged property; and the mortgage creditor in any further suit or action upon the mortgaged debt, note, or obligation, shall recover only the difference between the value of the mortgaged property as fixed by such appraisal and the amount of his claim."

On the 16th of January, 1885, Winchell brought this suit against both Carll and Coney in the Superior Court of New Haven County, Connecticut, for 1, "a foreclosure of said mortgage," and 2, "possession of the mortgaged premises." In his bill he sets out the making of the notes and mortgage by Carll, the conveyance of the mortgaged property by Carll to Coney; a claim for $4120 interest unpaid, and that Coney, "with the said Carll, is now in possession of the" property. Carll and Coney filed separate demurrers to the bill, and on the 9th of May, 1885, which was in time, Coney petitioned for the removal of the cause to the Circuit Court of the United States under the second clause of § 2 of the act of 1875, on the ground that there was in the suit a controversy wholly between himself, a citizen of New York, and Winchell, a citizen of Connecticut, which could be fully determined between them, and as to which Carll was only a nominal party. On the presentation of this petition, the State court declined to proceed further in the suit, but the Circuit Court, when the case was docketed there, ordered it to be remanded. From that order this appeal was taken.

In *Ayres* v. *Wiswall*, 112 U. S. 187, it was decided that in a suit for the foreclosure of a mortgage by sale, in which it was sought to charge the mortgage debtor with the payment of any balance of the mortgage debt that might remain due after the security was exhausted, the debtor was a necessary party, and that, if his citizenship stood in the way, the suit could not be

removed, even though, were he not a party, the persons with whom he had been joined, and to whom he had conveyed the property after the mortgage, would be entitled to a removal. Such a case we held did not fall within either the first or second clause of § 2 of the act of 1875.

The principle of that case governs this. In Connecticut mortgages are not foreclosed by a sale of the mortgaged property, but by strict foreclosure. If there is a failure to redeem within the time limited in the decree, the mortgage debtor remains liable for the debt, after deducting the value of the property foreclosed. Under the old practice this value was ascertained in the suit to collect the deficiency. In this connection counsel for the appellants say :

"In ordinary cases this suit might not be brought for four or five years after the foreclosure, and, in case of non-negotiable notes, for ten or fifteen years. It was, therefore, often difficult, in such suit, to ascertain the value of the property at the time of foreclosure. To meet this difficulty the statute of 1878 was passed. It furnishes a way in which the value of the mortgaged premises can be ascertained at the time the title becomes absolute ; provides that such value so found shall be conclusive in any further suit upon the note ; authorizes the joining of the maker of the note as a party, so that he can have an opportunity to obtain such appraisal, and be heard as to such value, and bars any further suit against the maker, unless he is so made a party."

And again :

"Before the statute, as now, the foreclosure of the property reduced the obligation by the value of the property. By the statute this value is to be ascertained by an appraisal, and it is conclusively presumed to equal the obligation, unless the maker of the note is given an opportunity to be heard as to this appraisal. This gives him no interest in the property, no equity of redemption to be extinguished, no right whatever except the right to have an appraisal. And the appraisal, and only the appraisal, is made final and conclusive in the future action on the obligation."

This is a suit brought to foreclose under the statute, that is,

to get the property without releasing the debtor from liability for the debt over the value of the property, and in so doing to fix the value. It is true there is not in the bill a prayer for appraisal, but that is not necessary. Any party to the suit can call for an appraisement by simply making a motion to that effect. The appraisement is one of the incidents of a suit for foreclosure when the person liable for the payment of the debt is a party. As in this case Carll, the mortgagor, conveyed the land to Coney after the mortgage was made, Winchell in foreclosing had his election to sue Coney alone, or Coney and Carll together. If he sued Coney alone, he would get the land, in case it should not be redeemed, but Carll, upon the foreclosure, would be discharged from all liability for the debt. If, however, he sued both Coney and Carll he would not only get the land, but hold Carll for the full amount of the debt over its value. He did elect to sue both. He has but a single cause of action and that his mortgage. The relief he seeks is a decree which shall give the foreclosure, and at the same time save the liability of Carll for what may remain due on the debt. This he cannot do unless he makes Carll a party, because in such a suit the mortgage debtor has the right to have it determined to what extent the mortgage debt is paid by the foreclosure. To use again the argument of counsel, he is entitled to an opportunity to obtain an appraisal and to be heard as to the value of the foreclosed property. True, there can be no recovery against him in the foreclosure suit for the balance that may remain due, but the value of the mortgaged property can be determined in a way that will conclude him when he is sued for the debt. This being the case, he is not only a necessary but an indispensable party to a suit for the relief which is asked in this case. The mere fact that he is made a party determines the character of the suit to be for foreclosure and the saving of his liability for the debt. An adjudication of value binding on him is within the scope of the bill, and as it may be had upon mere motion as an incident to the decree of foreclosure which is prayed for, the suit is to be looked upon as brought for that purpose with the rest. We can see no difference, so far as a right to removal is concerned, between a suit

for foreclosure which seeks a money decree against the mortgagor for a balance of the mortgage debt, and one in which his liability for the debt is to be saved, and the value of the mortgaged property applied in payment to be conclusively settled against him.

*The order remanding the suit is affirmed.*