## WINCHELL v. CONEY and another.

*(Circuit Court, D. Connecticut.* May 11, 1886.)

1. REMOVAL OF CAUSE — FAILURE TO ENTER RECORD IN TIME — RETENTION OF CASE IN STATE COURT—EFFECT UPON RIGHTS OF PETITIONER AND ADVERSARY.

Pending a suit in a state court to foreclose a mortgage, the plaintiff amended his complaint in order to reform the deed in technical particulars. One of the defendants thereupon filed his petition to remove to the federal court upon the ground that, by force of the amendment, a new and separable controversy had been added. The state court proceeded with the case, and the defendant did not enter the record in the federal court on the first day of the next term. The plaintiff subsequently entered the record and moved to remand. *Held,* that the defendant had a sufficient excuse for not entering the record, and that the cause should not be remanded for that neglect.

2. SAME — SEPARABLE CONTROVERSY — FORECLOSURE OF MORTGAGE—REFORMATION OF DEED.

*Held,* that the prayer for a reformation of the deed was merely incidental to the main object of the complaint, viz., a foreclosure, and did not create a separable controversy within the meaning of the act of 1875, and that the plaintiff's motion to remand should be granted.

Motion to Remand.

*John W. Alling,* for motion.

*John H. Whiting,* against motion.

SHIPMAN, J. This is a motion to remand the above-entitled cause to the state court. The facts are disclosed in the copy of the record which has been entered in this court. After the cause had been remanded to the state court upon the first petition for removal, for the reason that the two defendants were necessary parties to the suit, (*Coney* v. *Winchell,* 116 U. S. 227; S. C. 6 Sup. Ct. Rep. 366,) the state court, at its September term, 1885, which was the term next succeeding the one to which the suit was brought, took jurisdiction of the case, and proceeded with the trial thereof. A plea in abatement to the jurisdiction was overruled, and the argument of the defendants' demurrers was commenced. This argument showed that the defendants claimed, upon somewhat technical grounds, that the condition of the mortgage failed to state that the interest was payable annually, and that the mortgage did not show that the interest had become due. The notes were payable in five years from date, "with interest annually, at 6 per cent." The condition in the mortgage described the notes as bearing interest at 6 per cent. per annum, "and payable five years from date."

The plaintiff, during the argument of the demurrer, moved to amend his complaint, which motion was allowed, and he thereupon, at said term, amended by inserting, in addition to the allegations and prayers of the complaint, allegations of a mutual mistake of the parties to the deed in the description in the condition of the interest clause of the notes which were intended to be secured, and a prayer for a reformation of the deed. The defendant Coney thereupon, at

said term, filed his second petition for removal upon the ground that, by force of said amendment, a new and separable controversy, which was wholly between citizens of different states, and could be fully determined as between them, not before contained in said suit, had been added thereto, viz., a controversy as to the reformation of said mortgage deed as against the petitioner. The state court did not decline to proceed further with the suit, but went on with it, and is still proceeding therewith. Coney did not enter a copy of the record in this court on the first day of the April term, A. D. 1886, which was the first term of this court after the September term, 1885, of the state court. Subsequently, upon contested motion to that effect, which was filed on the second day of the term, the plaintiff obtained leave to enter the transcript in this court; and, having entered it, now moves to remand the cause to the state court for divers reasons, one being that the defendant did not enter the record within the statutory time, and the other being that the cause was not and is not removable to this court. The defendant pleads upon divers grounds that the court ought not to take cognizance of the plaintiff's motion.

When the party who petitions for a removal from the state court neglects to enter the record in the circuit court in time, his adversary is permitted to go into the circuit court, and have the cause remanded on that account. The fact that the petitioning party was compelled to remain in the state court, and there litigate his case, is a sufficient excuse for his not entering the record in this court upon the first day of the term. *Railroad Co.* v. *Koontz,* 104 U. S. 5. The cause should not be remanded for that mere neglect.

But the fact that the petitioning party had such sufficient excuse, and that the case ought not to be remanded on that account, does not prohibit this court from looking into the record, and seeing whether it can take further jurisdiction of the cause, and whether it was ever properly removable. The plaintiff, if a cause appears upon the face of the record not to be removable, is surely not bound to wait for an adjudication of that question until the defendant has taken out his writ of error or appeal from the state court, and the case is reached for trial in the supreme court at the end of two or three years from the date of the appeal. This court has now, from the fact that the transcript has been properly entered therein by a party entitled to enter it and to move to remand, power to inquire whether the suit "really and substantially involves a dispute or controversy properly within the jurisdiction" of this court, and, if it answers that question in the negative, to remand the cause to the court from which it was removed. Section 5, Act March 3, 1875.

Upon the original complaint the complainant had but a single cause of action, and that his mortgage. *Coney* v. *Winchell, supra.* After the legal contest had commenced by the argument of the demurrers, the plaintiff, out of abundant caution, for the purpose of guarding against a question made by the defendants, deemed it best

to ask for an amendment of his complaint, and by the amendment to ask for a reformation of the mortgage deed. This new issue was "incidental to the main object" of the complaint, viz., a foreclosure; and the mortgage continued to be, as before, the single cause of action. If by the amendment the case could be said to be capable of division into two separate parts,—a reformation of the deed and a foreclosure of the mortgage,—such separation was a theoretical, and not an actual, one; for the real controversy was and is single,—a foreclosure of the mortgage,—although, as a means and ancillary to these ends, technical rules might also require a reformation of the deed. The controversy was not a separable one within the construction which the supreme court has given to the second clause of the second section of the act of 1875,—a construction which is both reasonable and free from technicalities which would tend to embarrass litigants.

It may be added that the supreme court of errors of this state, which has recently considered the question in the case, has decided that the condition of the deed was sufficient; that there was an omission, but no mistake; and that there was no necessity for amendment; and therefore that the complaint may properly be regarded as merely one for foreclosure of a mortgage; and that the prayer for a reformation of the deed is surplusage.

A decision that there was no separable controversy when the second petition was filed, renders unnecessary a discussion of the question whether, if the amendment did make such a controversy, the second petition was brought within the statutory time.

The motion to remand to the state court is granted, with costs to be taxed.