HICKLIN v. MARCO et al.

(Circuit Court of Appeals, Ninth Circuit. May 8, 1893.)

No. 92.

1. EQUITY—PLEADING—PARTIES—PRESUMPTION ON APPEAL.

Where complainant by leave of court files an amended bill, from which he omits one of the parties made defendant in the original bill, it will be presumed on appeal, in the absence of an affirmative showing to the contrary, that leave was given to dismiss as to such party.

2. SAME—PARTIES—REDEMPTION FROM MORTGAGE—JURISDICTION.

Complainant filed a bill praying for the cancellation of a mortgage on the ground that he never received any consideration therefor, and that the foreclosure proceedings were void; or that he be allowed to redeem; and he made defendants a number of occupants of the land as grantees of the purchaser at the foreclosure sale. One of these occupants was a citizen of the same state as complainant. *Held*, that he was not an indispensable party, and, as his retention would defeat the jurisdiction of

the court, based on the diverse citizenship of the parties, it was proper to dismiss the bill as to him. Hanford, District Judge, dissenting.

**3. SAME.**

It is also proper, in order to perfect the jurisdiction, to dismiss one who had a joint interest with complainant in the premises, and whom he had made defendant because he refused to join in the bill, for he is not an indispensable party. Hanford, District Judge, dissenting.

**4. MORTGAGES—REDEMPTION—AMOUNT—IMPROVEMENTS.**

The mortgage and the note secured by it were delivered to one H. for the purpose of raising money to conduct certain litigation. H. transferred them to defendant's grantor, who foreclosed the mortgage. All the money H. ever received for the mortgage was $400, and the mortgagor received nothing except services rendered by H., and found to be worth that sum. *Held,* that upon redemption defendants are entitled, in addition to the value of improvements made by them, and taxes paid, to the sum of $400, but not to the face value of the note and mortgage.

Affirming 46 Fed. Rep. 424.

Appeal from the Circuit Court of the United States for the District of Oregon.

In Equity. This was a suit by Lyman T. Hicklin against Henry Marco and others, praying the cancellation of a mortgage, or that complainant be allowed to redeem therefrom. There was a decree for complainant, (46 Fed. Rep. 424,) and defendants appeal. Affirmed.

Zera Snow and Wallace McCamant, for appellants.

C. W. Miller and W. Scott Beebe, (T. H. Tongue, on the brief,) for appellee.

Before McKENNA, Circuit Judge, and HANFORD and HAWLEY, District Judges.

HAWLEY, District Judge. From the record in this case it appears that on February 25, 1879, one W. C. Hicklin, being the owner in fee of 320 acres of land in Washington county, Or., executed his promissory note for the sum of $1,000, with interest, payable 90 days after date, in favor of T. B. Handley, and at the same time executed and delivered to said Handley a mortgage on said land to secure the payment of said note; that said note and mortgage were executed for the purpose of securing funds by the negotiation thereof for the purpose of defending certain legal proceedings then pending against said Hicklin, and the balance of the money raised thereon to be paid to Hicklin; that the note and mortgage were before maturity assigned by Handley to Thomas Connell; that on August 9, 1879, Connell commenced suit in the circuit court of the state of Oregon for Washington county for the foreclosure of the mortgage; that on October 10, 1879, a decree was entered in said suit, by default, against W. C. Hicklin, for the sum of $1,175 and costs, and for the sale of the land to satisfy this amount; that the land was sold, in pursuance of this decree, to Thomas Connell, on the 28th of February, 1880, and the sale thereafter confirmed by the circuit court of Washington county, and after the confirmation the sheriff executed and delivered to said Connell a deed for said land; that Connell, under said deed, entered into possession of said land; that the defendants are in possession of the respective portions of

said land, held by them as grantees for Connell; that the circuit court of Washington county did not have any jurisdiction of the person or property of said W. C. Hicklin at the date of the decree of foreclosure therein, owing to defects in the service of the summons, which was by publication; that no consideration was ever received by W. C. Hicklin for said note and mortgage except certain services rendered him by T. B. Handley as an attorney at law, of the value of $400; that no payment has ever been made on said note or mortgage; that W. C. Hicklin died intestate in August, 1888; that Lyman T. Hicklin, appellee herein, and C. B. Bunnell, are the owners in fee of said land, deriving their titles thereto by deeds from all of the heirs of W. C. Hicklin, deceased, the said Lyman T. Hicklin, being the owner of the undivided one-fourth of said property, and the said C. B. Bunnell being the owner of the undivided three-fourths thereof.

This suit was commenced May 5, 1890, to obtain a decree that said note and mortgage be canceled, and that the defendants be barred from claiming any interest thereto or to said land; that the court should decree the amount, if any, due upon said mortgage, and, if the court should find the mortgage to a be valid lien upon said land for the payment of any sum whatever, that the complainant may be permitted to redeem, and pay the same to the persons named and directed by the decree; and that, in the event of such decree, the said C. B. Bunnell be required to contribute and pay to the complainant, Hicklin, a sum equal to three-fourths of the amount decreed to be paid by the court, and for such other decree as shall be equitable, and that complainant recover his costs.

The jurisdiction of the court depends upon the diversity of the citizenship of the parties, complainant being a citizen and resident of the state of California, and the bill alleging that the defendants were citizens and residents of the state of Oregon.   In the original bill, C. W. Carmany and C. B. Bunnell were made parties defendant. It was alleged that Carmany was in possession of and claimed a portion of the land in controversy, viz. 15 acres thereof; that Bunnell was the owner of the undivided three-fourths of all the land, and that he was made a defendant because he declined to become a complainant, or contribute to the object of the suit.   The defendant Carmany filed a special plea, alleging the truth to be that he was not a citizen of Oregon, but was a citizen and resident of the same state as complainant, to wit, of the state of California.   Complainant moved to strike out this plea.   Before this was acted upon, on motion of complainant, an order was made allowing him to file an amended bill.   The amended bill omitted the name of Carmany as a defendant, but retained the averment as to his possession of a part of the land, the same as in the original bill.   Certain exhibits not in the original bill were added.   The defendants moved to strike the amended bill from the files, because the bill, as thus amended, was between different parties defendant, and because, among other reasons, that no leave was given to dismiss Carmany. Before this motion was acted upon, on motion of complainant, leave was obtained to file another amended bill.   The second amended bill

left out Carmany as a defendant. Similar motions were made to take the second amended bill from the files. A demurrer to this amended bill was sustained, and an order entered that Bunnell be dismissed, and leave was given to complainant to file an amended bill. The third amended bill was similar to the others, except that Bunnell was not made a party defendant, and some additional exhibits were attached to the bill. A demurrer to this bill was overruled. The defendants then answered.

Upon this state of facts it is claimed that the court had no jurisdiction of this suit, because Carmany was a citizen of the same state with the complainant; that no leave was ever given to dismiss as to Carmany, and that Carmany was a necessary party defendant. The granting or refusing of leave to file an amended bill or plea is a matter within the discretion of the trial court, and will not be reviewed in an appellate court unless there has been a gross abuse of this discretion. Chapman v. Barney, 129 U. S. 677, 9 Sup. Ct. Rep. 426; Gormley v. Bunyan, 138 U. S. 631, 11 Sup. Ct. Rep. 453. In the absence of any affirmative showing to the contrary, it is the duty of this court to assume that leave was granted to dismiss as to Carmany. If complainant had the right to dismiss as to Carmany, it would follow that an order to amend the bill would include the right to dismiss as to Carmany.

The real question is whether Carmany was an indispensable party to the suit. He was undoubtedly a proper party defendant, but was he such a necessary party as to deprive the court of any jurisdiction to proceed without him? The supreme court of the United States divides parties in equity suits into three different classes: (1) Formal parties, who have no interest in the controversy between the immediate litigants, but have such an interest in the subject-matter as may be conveniently settled in the suit, and thereby prevent further litigation; (2) necessary parties, who have an interest in the controversy, but whose interests are separable from those of the parties before the court, and will not be directly affected by a decree which does complete and full justice between them; (3) indispensable parties, who not only have an interest in the subject-matter of the controversy, but an interest of such a nature that a final decree cannot be made without either affecting their interests or leaving the controversy in such a condition that its final determination may be wholly inconsistent with equity and good conscience. Formal parties may be parties or not, at the option of the complainant. Necessary parties must be made parties if practicable, in obedience to the general rules which require all persons to be made parties who are interested in the controversy, in order that there may be an end of litigation; but this general rule in the national courts is subject to the exception that, if such parties are beyond the jurisdiction of the court, or if making them parties would oust the jurisdiction of the court, the suit may proceed to a final decree between the parties before the court, leaving the rights of the absent parties untouched, and to be determined in any competent forum. Indispensable parties must, of course, be made parties, and the court cannot proceed without them. Shields v. Barrow, 17 How.

139; Ribon v. Railroad Co., 16 Wall. 450; Williams v. Bankhead, 19 Wall. 571.; Kendig v. Dean, 97 U. S. 425.

Having made Carmany a party defendant to the original bill, and Carmany having appeared as a defendant, and it affirmatively appearing that he was a citizen and resident of the same state as complainant, was it the duty of the court to dismiss the bill on the ground that it had no jurisdiction; or, in such a case, could the court grant leave to complainant to dismiss as to Carmany for the purpose of giving the court jurisdiction of the case? There is no question but what the complainant could, under the provisions of section 737 of the Revised Statutes of the United States, and the rules and practice of the supreme court of the United States, have maintained this suit without making Carmany a party defendant, unless it affirmatively appears that he is an indispensable party. In Clearwater v. Meredith, four persons had made a contract with a citizen of Ohio, and three of the four were citizens of Indiana. Suit was brought against the three in the circuit court of Indiana, and upon a plea to the jurisdiction it was held that the nonjoinder of the fourth was justified by the act of 1839, (section 737, Rev. St. U. S.) The court said:

"It is well known that the act of 1839 was intended so to modify the jurisdiction of the circuit court as to make it more practical and effective. Where one or more of the defendants sued were citizens of the state, and were jointly bound with those who were citizens of other states, and who did not voluntarily appear, the plaintiff had a right to prosecute his suit to judgment against those who were served with process; but such judgment or decree shall not prejudice other parties not served with process, or who did not voluntarily appear. Now, it is too clear for controversy that the act of 1839 did intend to change the character of the parties to the suit. The plaintiff may sue in the circuit court any part of the defendants, although others may be jointly bound by the contract who are citizens of other states. The defendants who are citizens of other states are not prejudiced by this procedure, but those on whom process has been served, and who are made amenable to the jurisdiction of the court. And in regard to those whose rights are in no respect affected by the judgment or decree it can be of no importance of what states they are citizens. If one of the defendants should be a citizen of the same state with the plaintiff, no jurisdiction could be exercised as between them, and no prejudice to the rights of either could be done. The plea to the jurisdiction seems not to be well taken, and it cannot be sustained." 21 How. 492.

Equity rule 47 provides that:

"In all cases where it shall appear to the court that persons who might otherwise be deemed necessary or proper parties to the suit cannot be made parties by reason of their being out of the jurisdiction of the court, or incapable otherwise of being made parties, or because their joinder would oust the jurisdiction of the court as to the parties before the court, the court may, in their discretion, proceed in the cause without making such persons parties; and in such cases the decree shall be without prejudice to the rights of the absent parties."

The general principles touching this question and applicable to this case are well expressed in Payne v. Hook, where it was claimed that the proper parties for a decree were not before the court, as the bill showed that there were other distributees besides the complainant. The court said:

"It is undoubtedly true that all persons materially interested in the subject-matter of the suit should be made parties to it; but this rule, like all general

rules, being founded in convenience, will yield whenever it is necessary that it should yield in order to accomplish the ends of justice. It will yield if the court is able to proceed to a decree, and do justice to the parties before it, without injury to absent persons, equally interested in the litigation, but who cannot conveniently be made parties to the suit. The necessity for the relaxation of the rule is more especially apparent in the courts of the United States, where oftentimes the enforcement of the rule would oust them of their jurisdiction, and deprive parties entitled to the interposition of a court of equity, of any remedy whatever." 7 Wall. 431.

Hotel Co. v. Wade, 97 U. S. 20; New Chester Water Co. v. Holly Manuf'g Co., (3d Circuit,) 53 Fed. Rep. 19, 3 U. S. App. 264, 3 C. C. A. 399.

Upon the oral argument it was contended by appellants' counsel that Carmany was a necessary and indispensable party to the suit, and many imaginable difficulties were suggested, especially in making a final distribution of the money which complainant was required to pay into court. If Carmany should be permitted to intervene and share in the distribution, such intervention would only be allowed upon condition that he should first pay his proportionate share of the expenses incurred by appellants in defending the suit. They would not be prejudiced or injured, for they would get all they were entitled to receive by the decree. So would Carmany. If Carmany does not ask to intervene and share in the distribution, and the court orders the money to be paid to appellants in the proportion to which they are respectively entitled, they certainly could not complain, and Carmany's rights would not be affected. If complainant is compelled to bring suit against Carmany, and therein required to pay more money than he would if this suit had been brought in the state court against all the parties, that is a matter that does not concern the appellants. The truth is that none of the supposed difficulties may ever arise, and, if they do, they can be settled, when presented, upon the well-established principles of equity and justice, without any injury or prejudice either to appellants or to Carmany. Conceding that it would have been more convenient and more in accord with the ordinary practice to have brought this suit in the proper forum against all the parties, still, under the rules announced in the United States courts, Carmany cannot be considered as an indispensable party to the suit. His interest in the property involved in this suit is separate and distinct, and is not so interwoven and bound up with the other parties defendant herein that no decree could be made against them without necessarily affecting him. The rights of the parties defendant who were citizens of Oregon could be and were adequately and fully determined without any prejudice to the rights of Carmany or to themselves. His interest in the property was not in any manner affected by the decree, and, as was said in Horn v. Lockhart, 17 Wall. 579, "the question always is, or should be, when objection is taken to the jurisdiction of the court by reason of the citizenship of some of the parties, whether to a decree authorized by the case presented they are indispensable parties; for, if their interests are severable, and a decree without prejudice to their rights can be made, the jurisdiction of the court should be retained, and the suit dis-

missed as to them." It therefore follows that the objections made in this case to the jurisdiction of the court upon the ground that Carmany was a citizen and resident of the same state as complainant was met and obviated by allowing complainant to amend his bill by dismissing Carmany as a defendant. Vattier v. Hinde, 7 Pet. 252, 261; Claiborne v. Waddell, 50 Fed. Rep. 368.

The dismissal as to Bunnell did not in any manner affect or prejudice the rights of any of the defendants. He owned an undivided three-fourths interest in the property, and, having declined to join the complainant in instituting the suit, he was made a party defendant, upon the erroneous theory that in the event the mortgage should be held valid, and the complainant allowed to redeem, complainant could compel him to contribute and pay his proportion of the amount to be paid as might be decreed by the court. If Bunnell refused to become a complainant, he could not by so doing deprive Hicklin of bringing the suit in his own name. In such event, Hicklin, as a part owner of the equity of redemption, had the undoubted right to bring and to maintain the suit in his own name against the defendants who were in possession of any part or portion of the land; but he could not, in such suit, compel Bunnell to join with him in the redemption thereof. 2 Jones, Mortg. §§ 1063, 1089. If complainant is willing to pay the whole amount that is decreed by the court to be paid for the redemption of the whole land, in order to obtain his undivided one-fourth interest in the property, it is difficult to see upon what grounds the defendants can complain. If they get by the decree all the money that they are legally entitled to receive, it certainly matters not to them whether it is all paid by complainant or whether Bunnell pays his proportion. If Bunnell profits by the settlement of the principles involved in this suit, that is a matter of substantial benefit to him, but is of no detriment to them if their rights in the premises are fully secured by the decree of the court in this suit. Bunnell was not, under the facts of this case, a necessary party defendant, and the court did not err in allowing the bill to be dismissed as to him.

The court found that the defendants held possession as mortgagees under said mortgage, and were entitled to receive the sum of $400, with interest; that defendants, while in possession of said land, and in good faith believing that they were the owners thereof, paid taxes and made improvements on the same of the value of $1,500, and that they are entitled to be paid for said taxes and improvements in addition to the amount due on said note; and adjudged and decreed that upon the payment by complainant into the registry of the court, within a specified time, of said amounts, defendants surrender and release said land to him in proportion to the interest which he claims therein, to wit, an undivided one-fourth interest, free and clear from all incumbrances, and complainant recover his costs.

Appellants claim that the court erred in the amount of the decree in allowing only $400 for the redemption of the mortgage, and in allowing costs to complainant. The contention is that appellants, with Carmany, were purchasers of the note and mortgage as a

whole, and were entitled to the face of the note. The court found the facts to be that W. C. Hicklin received no money for the mortgage, and that he was never informed of the true state of the facts in regard to the disposition made of the mortgage. The record affirmatively shows that Handley received from the proceeds of the sale under the attempted foreclosure the sum of $400. There is no evidence that any other or further sum was ever realized by Handley from the note and mortgage. The court was fully justified in finding the fact to be that no consideration was ever received by W. C. Hicklin for said note and mortgage except the payment of the $400 to Handley. The defendants were entitled to the amount they had advanced on the note and mortgage, and interest on such sum, and this was decreed to them. They were not, in equity, entitled to any more. The allowance of costs was, in our opinion, a matter within the discretion of the court.

The decree of the circuit court is affirmed.

HANFORD, District Judge, (dissenting.) My reasons for dissenting in this case, briefly stated, are as follows:

The mortgage is a unit. It covers a single tract of land. There can be but one foreclosure suit founded upon it. The equity of redemption is a unit, and the right to a bill to redeem is not divisible. The amount of the mortgage debt must necessarily be ascertained by the court before granting the relief prayed by the bill. The court cannot proceed to dispossess the appellants, nor partition the land, without the presence of Bunnell; and the money required to pay the mortgage debt cannot be distributed without the presence of Carmany. Therefore the several co-owners of the equity of redemption and the several successors in interest of the mortgagee are all indispensable parties. Chadbourne's Ex'rs v. Coe, (8th Circuit,) 51 Fed. Rep. 479, 10 U. S. App. 78, 2 C. C. A. 327; 2 Jones, Mortg. § 1100; Railroad Co. v. Ide, 114 U. S. 52, 5 Sup. Ct. Rep. 735; Coney v. Winchell, 116 U. S. 227, 6 Sup. Ct. Rep. 366; Home Mut. Ins. Co. v. Oregon Ry. & Nav. Co., 20 Or. 569, 26 Pac. Rep. 857; Blacklock v. Small, 127 U. S. 96, 8 Sup. Ct. Rep. 1096.

It is conceded that the court did not have jurisdiction of the case when all who were originally made parties were before the court, and I do not believe that the objection has been obviated by shutting out some of the parties whose interests in the subject-matter of the suit are apparent on the face of the record.

Handley, the mortgagor's attorney, was fully authorized to negotiate and discount the note and mortgage, and there is no charge of fraud which can in any wise affect the rights of the appellants. I think that they are entitled, by the terms of their contract, to receive a just proportion of the full amount secured by the mortgage.