HICKLIN v. MARCO et al.

(Circuit Court, D. Oregon. November 28, 1894.)

No. 1,711.

PRACTICE—CORRECTION OF DECREE—CLERICAL ERROR.

Though a court of equity has power to correct clerical errors in its decrees at any time, it will not interfere to correct what may have been a judicial error; and it will not correct a clerical error in a decree entered two years before the application for correction, by a judge other than the one to whom such application is made, and subsequently affirmed on appeal.

This was a bill in equity by Lyman T. Hicklin against Henry Marco and others for the redemption of a mortgage. Defendants in their answer, set up a claim for the value of permanent improvements made by them while in possession of the premises, and the case was heard upon exceptions to this part of the answer. The court allowed the defendants' claim (46 Fed. 424), but otherwise gave judgment for plaintiff. Subsequently, on appeal by defendants as to the amount of the decree, the judgment of the circuit court was affirmed. 6 C. C. A. 10, 56 Fed. 549. Plaintiff prays an amendment of the decree in so far as it restricted his right of redemption to a one-fourth interest in the mortgaged premises.

C. W. Miller and David Goodsell, for plaintiff.
Zera Snow, for defendants.

BELLINGER, District Judge. The plaintiff petitions for an amendment of the decree herein, rendered more than two years ago. The suit involved the validity of a foreclosure proceeding brought against the plaintiff's ancestor. The plaintiff, having succeeded to an undivided one-fourth interest in the lands sold on such foreclosure, brought this suit against those holding under the foreclosure sale. The court held the foreclosure invalid, for want of jurisdiction upon the service of summons had in the suit, and decreed that the plaintiff might redeem as to his one-fourth interest in the mortgaged premises by payment of the mortgage debt. It is claimed that the decree should have been for redemption of the entire property mortgaged, instead of the one-fourth interest belonging to plaintiff; that inasmuch as the plaintiff is required by the decree to pay the entire mortgage debt, and the court was not authorized to decree otherwise, the restriction of the right to redeem to one-fourth of the mortgaged premises is a manifest error, that the court ought to correct on this application. It is within the power of the court to correct clerical errors in its decrees at any time, and the court is at liberty to ascertain the existence of the alleged error by any satisfactory evidence. The written opinion of the judge, his memoranda upon the docket, and his personal recollection are sufficient to authorize a correction of the entry. In this case the correction is asked for upon the ground that the plaintiff is compelled to redeem from the entire mortgage debt, and consequently is subrogated to all of the rights of the mortgagee,

and that the decree, in failing to provide for this, necessarily fails to conform to what was intended by the court in rendering it. I am satisfied that the decree should have been in accordance with what the plaintiff claims, but I am not satisfied that the error complained of is a clerical error. It may be a judicial error. If I shall undertake to correct this decree upon the ground that it does not conform to my own opinion of what the decree should be, I will assume the function of revising the judgments and decrees of my predecessor under the pretense of correcting them. The mere fact of error, if found to exist, does not justify an inference that there has been a clerical error in entering the decree. The decree in this case was entered more than two years before the discovery of the alleged error. In the meantime the case was tried on appeal in the circuit court of appeals, where the decree appealed from was affirmed more than a year and a half ago. 6 C. C. A. 10, 56 Fed. 549. These facts and the fact that there has been a change in the judges of the court since the decree was rendered, independently of other considerations, make it inexpedient to grant the prayer of this petition. I should hesitate to interfere with the decree under such circumstances upon proof, however conclusive, that there had been a clerical error in entering it. The prayer of the petition is denied.