S. ANARGYROS v. ANARGYROS & CO.

(Circuit Court, N. D. California. September 11, 1911.)

No. 14,620.

1. APPEAL AND ERROR (§ 1180*)—INJUNCTION—REVERSAL—EFFECT.

Reversal of an order granting an injunction which contemnors are charged with having, violated leaves no basis on which to rest a judgment for a compensatory fine.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4626–4631; Dec. Dig. § 1180.*]

2. CONTEMPT (§ 54*)—PROCEEDINGS—PLEADING.

Allegations, in moving papers for contempt, alleging the doing of certain acts, and charging the same to be in violation of complainant's rights and of a preliminary injunction, and that respondents, by means of such acts, have interfered with complainant's exclusive right to possess and enjoy the good will of a business to their irreparable injury, while appropriate to a proceeding for compensatory relief, were inappropriate in a proceeding to punish for criminal contempt.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 143–149; Dec. Dig. § 54.*]

3. CONTEMPT (§ 54*)—CRIMINAL CONTEMPT—NATURE OF PROCEEDINGS.

A contempt for which one may be punished by fine or imprisonment, in vindication of the authority of the court and to sustain the majesty

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of the law, is in its nature a distinct criminal offense and must be laid as such in some appropriate form.

[Ed. Note.—For other cases, see Contempt, Dec. Dig. § 54.*]

**4. INJUNCTION (§ 230*)—VIOLATION—CRIMINAL CONTEMPT—PROCEEDINGS.**

Moving papers to punish respondents for criminal contempt in violating an injunction, while not required to be prepared with the nicety and precision of an indictment, must. nevertheless, clearly specify the acts which the respondent will be called upon to meet, and advise him. in some form, that the judgment sought against him is of a punitory character; it being insufficient that the papers pray that respondents be "attached for contempt."

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 502–516; Dec. Dig. § 230.*]

**5. CONTEMPT (§§ 40, 54*)—CRIMINAL CONTEMPT—PROCEEDINGS.**

A criminal contempt is no part of the main case, but is a proceeding independent and apart therefrom, in the nature of a criminal prosecution, and should have a title of its own, appropriate to indicate its character.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 122–124, 143–149; Dec. Dig. §§ 40, 54.*]

Proceeding by S. Anargyros, a corporation, against Anargyros & Co. for contempt. Dismissed.

Houghton & Houghton, for complainant.
Lent & Humphrey, for respondent.

VAN FLEET, District Judge. This is a proceeding against respondents for the violation of a preliminary injunction. As suggested at the hearing, I am of opinion that the evidence is quite sufficient to sustain the findings of the master as to the violation of the injunction; but further consideration of the other objections made, and especially in the light of the principles recently announced by the Supreme Court in the case of Gompers v. Buck's Stove & R. Co. (decided May 15, 1911) 221 U. S. 418, 31 Sup. Ct. 492, 55 L. Ed. 797, and the cases there referred to, satisfies me that the record does not disclose a case which will justify the holding of the respondents for such violation.

[1] If, on the one hand, the proceeding is to be regarded as one instituted for the relief and benefit of the complainant, and so purely civil and remedial in character, the reversal of the order granting the injunction which the contemnors are charged with having violated leaves no basis upon which to rest a judgment for a compensatory fine. That such is its character and purpose is strongly indicated by the method of procedure and the character of the pleadings.

[2] It was commenced prior to the reversal of the order and is entitled in the original cause; the moving papers ask that respondents be required to show cause why they should not be attached for contempt in the doing of certain acts which are alleged to be "in violation of the rights of complainant and of the preliminary injunction"; that the respondents "have by the means aforesaid continued to interfere with complainant's exclusive right to possess and enjoy the good will

*For other cases see same topic & § NUMBER in Dec. & Am. Digs, 1907 to date, & Rep'r Indexes

acquired by it from its predecessors in business"; and that the doing of such acts "was and is to the great and irreparable injury of the complainant."

These averments, while entirely appropriate to a proceeding for compensatory relief, are largely unnecessary, if not inappropriate, to one seeking the punishment of contemnors in vindication of the authority of the court.

On the other hand, if the proceeding is intended as one of a punitive character, the moving papers are wholly insufficient, in matters of substance, to advise the respondents of that fact.

[3] A contempt for which one may be punished by fine or imprisonment, purely in vindication of the authority of the court and to sustain the majesty of the law, is in its nature a distinct criminal offense and must in some appropriate form be laid as such.

[4] While the nicety and precision of an indictment may not be required, the pleading or affidavit must not only specify clearly the acts which the contemnor will be called upon to meet, but it must quite as clearly, in some form, advise him that the judgment sought against him is one of a punitory character; otherwise he is left to conjecture as to whether it is a proceeding merely to mulct him in damages for the benefit of the moving party, or one to have him punished by fine or imprisonment as for a criminal act. Here, while the specific acts complained of are, I think, stated with sufficient certainty, there is nothing to clearly indicate that the complainant is seeking to have the respondents answer for anything beyond damages for its private benefit. It is alleged that the acts done were in violation of the injunction; but that was essential to either form of relief. It is asked that respondents be "attached for contempt"; but that demand is likewise equally appropriate to either character of proceeding. Furthermore, there is an entire lack of any prayer, demand, or suggestion that respondents be punished in any manner. While such specific demand is perhaps not essential to enable the court to afford relief of a private and remedial character appropriate to the facts, it is very clearly essential in a proceeding seeking the punishment of a respondent as for a criminal contempt; and especially should this be so where there is an absence of anything else in the pleading to definitely point the nature of the judgment sought. Moreover, as suggested in the Gompers Case, it is inappropriate in a criminal contempt to entitle the proceeding in the civil case; that of itself being indicative that the proceeding is merely a part of the main controversy and for a civil and remedial purpose.

[5] A criminal contempt is no part of the main case; it is a proceeding independent and apart, in the nature of a criminal prosecution, and should have a title of its own, appropriate to indicate its character. As aptly said in that case in speaking of like defects:

"This is not a mere matter of form, for manifestly every citizen, however unlearned in the law, by mere inspection of the papers in contempt proceedings ought to be able to see whether it was instituted for private litigation or for public prosecution, whether it sought to benefit the complainant or vindicate the court's authority. He should not be left in doubt as to whether relief or punishment was the object in view. He is not only entitled to be

informed of the nature of the charge against him, but to know that it is a charge, and not a suit. United States v. Cruikshank, 92 U. S. 542, 559, 23 L. Ed. 588, 593."

These defects, therefore, partake of the substance, and render the moving papers insufficient to properly advise the respondents that they were charged with a criminal contempt, and consequently the record affords no sufficient foundation upon which to base a judgment of a punitory character; and, as that would be the only alternative left to the court under the facts, it follows that the rule must be discharged, and the proceeding dismissed.