## PUGET SOUND TRACTION, LIGHT & POWER CO. v. LAWREY et al.

(District Court, W. D. Washington, N. D.   January 23, 1913.)

No. 2,254.

1. DISMISSAL AND NONSUIT (§ 26*)—JOINT AND SEVERAL LIABILITY.

Where a bill sought an injunction forbidding tortious acts in pursuance of a conspiracy, the liability of the respondents was joint and several, so that no particular defendant was a necessary party to the suit, and the dismissal of some of them, alleged to be inhabitants of Alaska, did not affect the court's jurisdiction over the remainder.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 46, 48–59;  Dec. Dig. § 26.*]

2. COURTS (§ 300*)—FEDERAL COURTS—DIVERSITY OF CITIZENSHIP—CITIZENS AND ALIENS—JOINDER.

Where suit was brought by a Massachusetts corporation to enjoin strikers from interfering with complainant's business in Washington, the fact that both citizens of Washington and aliens were joined as defendants did not deprive the court of jurisdiction, under the statute conferring jurisdiction over controversies between "citizens of a state and foreign states, citizens or subjects."

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 847, 850;  Dec. Dig. § 300.*

Diverse citizenship as a ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249;  Mason v. Dullagham, 27 C. C. A. 298.]

3. INJUNCTION (§ 221*)—SCOPE—VIOLATION—LIABILITY OF PARTIES.

Where an injunction against strikers restrained respondents and all other persons who had knowledge of the making of the order, persons alleged to have had knowledge of the order could be properly proceeded against for violating the writ, though they were not parties to the original bill.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 445–447;  Dec. Dig. § 221.*]

4. INJUNCTION (§ 230*)—VIOLATION—CIVIL CONTEMPT.

Where a contempt order was sued out in a suit for an injunction to punish respondents for violation thereof, it would be regarded as a proceeding for civil contempt.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 502–516;  Dec. Dig. § 230.*]

5. CONTEMPT (§ 29*)—CIVIL CONTEMPT—PARTIES.

Civil contempt, being remedial, would ordinarily be between the original parties to the suit, but not necessarily so.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 86–90;  Dec. Dig. § 29.*]

6. INJUNCTION (§ 221*)—VIOLATION—PERSONS LIABLE—KNOWLEDGE.

To render a person amenable to an injunction, it is neither necessary that he should have been a party to the suit in which the injunction was issued, nor to have been actually served with a copy of it;  it being sufficient that he had actual notice thereof.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 445–447;  Dec. Dig. § 221.*]

In Equity.  Suit by the Puget Sound Traction, Light & Power Company against Bob Lawrey and others.  On plea to the court's jurisdiction.  Overruled.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

James B. Howe, A. J. Falknor, and Hugh A. Tait, all of Seattle, Wash., for complainant.

Brady & Rummens, of Seattle, Wash., for respondents.

CUSHMAN, District Judge. This matter is now before the court, after hearing had, upon the sufficiency of certain pleas to the court's jurisdiction. The bill of complaint alleges that complainant is a Massachusetts corporation, and that the respondents are citizens of the United States and the state of Washington, and charges a conspiracy on the part of respondents to prevent the operation of certain coal mines belonging to the complainant; and in carrying out this design, the respondents, it is alleged, had and would, unless restrained, continue the use of violent means, including the use of coercion and systematic assaults upon and threats against complainant's workmen, in order to induce such workmen to quit their employment, and in order to force complainant to employ respondents, or men belonging to a certain union.

A restraining order was heretofore issued, directed to the respondents and "all other persons who shall have knowledge of the making of this order." Thereafter, upon the filing of affidavits accusing certain persons, not named in the original bill, with having, with knowledge of the restraining order, violated the same, an order was made requiring such persons to show cause why they should not be attached for contempt.

Pleas to the court's jurisdiction are urged, upon the grounds that certain respondents are not and were not inhabitants of the state of Washington at the time suit was begun, but were inhabitants of Alaska, and that others of respondents were and are aliens. The jurisdiction is further challenged by those parties against whom the show-cause or contempt order runs, upon the ground that such order is collateral to a suit in equity between private parties, and not authorized or prosecuted by the government of the United States.

At the time of the hearing upon the pleas, complainant was allowed to dismiss as to those respondents alleged to be inhabitants of the territory of Alaska. Such parties had not been served with process.

Complainant relies on the following authorities: Horn v. Lockhart, 17 Wall. 570, 21 L. Ed. 657; Barney v. Baltimore, 6 Wall. 280, 18 L. Ed. 825; Shields v. Barrow, 17 How. 130, 15 L. Ed. 158; Hicklin v. Marco (9th Circuit) 56 Fed. 549, 6 C. C. A. 10; Mason v. Dullagham, 82 Fed. 689, 27 C. C. A. 296; Hopkins v. Oxley Stave Co., 83 Fed. 912, 28 C. C. A. 99; Tug River Coal & Salt Co. v. Brigel, 86 Fed. 818, 30 C. C. A. 415; Barrow S. S. Co. v. Kane, 170 U. S. 100, 18 Sup. Ct. 526, 42 L. Ed. 964; Smith v. Consumers' Cotton Oil Co., 86 Fed. 359, 30 C. C. A. 103; Re Hohorst, 150 U. S. 653, 14 Sup. Ct. 221, 37 L. Ed. 1211; Delaware, etc., R. Co. v. Frank (C. C.) 110 Fed. 689; North Carolina Mining Co. v. Westfeldt (C. C.) 151 Fed. 290; Barnes & Co. v. Berry (C. C.) 156 Fed. 72; Ladew v. Tennessee Copper Co. (C. C.) 179 Fed. 245; Irving v. Joint Dist. Council, etc. (C. C.) 180 Fed. 896; Ex parte Lennon, 166 U. S. 548, 17 Sup. Ct. 658, 41 L. Ed. 1110; Ex parte Richards (C. C. W. Va.) 117 Fed. 658;

Blake v. Nesbet (D. C. Mo.) 144 Fed. 279, 282; Employers' Teaming Company v. Teamsters' Joint Council (C. C. Ill.) 141 Fed. 679; Christensen Engineering Company v. Westinghouse Air Brake Co., 135 Fed. 774, 778, 68 C. C. A. 476; Conkey Co. v. Russell (C. C.) 111 Fed. 417; O'Brien v. People, 216 Ill. 354, 75 N. E. 108.

The following authorities are relied upon by the respondents: Gompers v. Buck's Stove & Range Co., 221 U. S. 418, 31 Sup. Ct. 492, 55 L. Ed. 797, 34 L. R. A. (N. S.) 874; In re Reese, 107 Fed. 942, 47 C. C. A. 87; In re Nevitt, 54 C. C. A. 622–632, 117 Fed. 448–458; Bessette v. W. B. Conkey Co., 194 U. S. 324–338, 24 Sup. Ct. 665, 48 L. Ed. 997; S. Anargyros v. Anargyros & Co. (C. C.) 191 Fed. 208; 9 Cyc. 35, subd. B.

[1] The object sought by the bill being an injunction forbidding tortious acts in pursuance of a conspiracy, the liability of the respondents is several, as well as joint, and no particular defendant is a necessary party to the suit. Therefore, treating the allegations of the pleas that such parties were inhabitants of Alaska as tantamount to alleging that they were citizens thereof, as they are clearly not indispensable parties, they were properly dismissed and jurisdiction retained as to the other parties. Horn v. Lockhart, 17 Wall. 570, 21 L. Ed. 657; Hicklin v. Marco, 56 Fed. 549, 6 C. C. A. 10 (C. C. A. 9th Circuit).

[2] The mere fact that both citizens of Washington and aliens are joined as respondents will not deprive the court of jurisdiction. The court has jurisdiction under the statute of controversies between "citizens of different states" and controversies between "citizens of a state and foreign states, citizens or subjects." As the court would have jurisdiction of a suit by complainant, a Massachusetts corporation, against respondents, citizens of Washington, and would have jurisdiction of a suit by complainant against respondents who are aliens, the mere joining of the citizen and alien respondents in one suit will not deprive the court of jurisdiction. To retain jurisdiction comes within the reason of the rule. To deny it would violate the reason of the rule.

[3] Regarding the plea of those parties against whom the show-cause order runs for the alleged violation of the restraining order, they were not named in the original bill, but the restraining order was broad enough to include them, running, as it did, against all persons having knowledge of the order.

[4] It is clear that, as the contempt order was sued out in this suit by the complainants, the proceeding is one for a civil contempt. Gompers v. Buck Stove & Range Co., 221 U. S. 418, 31 Sup. Ct. 492, 55 L. Ed. 797, 34 L. R. A. (N. S.) 874. No reason has been advanced why it is not proper to proceed against such persons in the original suit. It becomes clearly an ancillary proceeding by reason of the allegation, in the affidavits upon which the show-cause order was made, that the persons against whom the order runs had knowledge of the restraining order and, with that knowledge, violated it. An expression contained in the case of Gompers v. Buck Stove & Range Co.,

it is contended, authorizes and supports these pleas. In the course of the opinion in that case, it is said:

"Proceedings for civil contempt are between the original parties, and are instituted and tried as a part of the main suit; but, on the other hand, proceedings at law for criminal contempt are between the public and the defendant, and are not a part of the original case."

This language must be construed in full view of the facts of the case in which it was used. In that case both the District Court and the Court of Appeals had held the proceeding to be one for criminal contempt, and the Supreme Court, in reversing this ruling of the lower courts, in using this language, was engaged in stating its reasons for holding the proceeding then under review one for a civil contempt, and that the lower court had exceeded its authority in a civil contempt proceeding in imprisoning for a definite term, a sentence only proper in a case of criminal contempt. The proceeding there was between a portion of the original parties to an equity suit, entitled and carried to conclusion in such suit. There was nothing before the court requiring it to consider all the parties who would be proper in a proceeding in a civil contempt. It was held that it was a civil contempt, because it was between the original parties. Such being the case then before the court, clearly this authority does not support the pleas.

[5, 6] Civil contempt, being remedial, would ordinarily be between the original parties, but not necessarily so. In Ex parte Lennon, 166 U. S. 548, 17 Sup. Ct. 658, 41 L. Ed. 1110, it is expressly held:

"To render a person amenable to an injunction, it is neither necessary that he should have been a party to the suit in which the injunction was issued, nor to have been actually served with a copy of it, so long as he appears to have had actual notice."

In that case Lennon was not a party to the original suit. The proceeding against him for contempt was had in the original suit. He was fined $50 and costs, and the judgment was affirmed by the Supreme Court. This case is not mentioned in the opinion of Gompers v. Buck Stove & Range Co., supra. It is not at all likely that it was intended to overrule the Lennon Case by a decision wherein the point involved was not a controlling one in the latter case.

The pleas are insufficient.