### GRIGSBY v. MILLER et al.

#### (District Court, D. Oregon. March 13, 1916.)

#### No. 1741.

1. **PARTIES ☞32—TO PLEADING—"INDISPENSABLE PARTY."**

   In suit by a deceased wife's administrator to set aside a deed given by her and her husband, the husband, though a proper and necessary, was not an "indispensable, party," one so necessary that a decree without his presence would prejudice his rights and leave the case contrary to equity and good conscience, a party whose interest in the subject-matter of the suit and the relief sought is so bound up with that of other parties that his legal presence as a party is an absolute necessity to the court's right to proceed, since, though the husband had an inchoate interest in the cause, in that, if plaintiff succeeded, he would be benefited by the litigation to the extent of having his title to the property potentially established, subject to the right of the administrator to subject it to the payment of the wife's debts, plaintiff administrator could proceed without such husband as a party and obtain all the relief to which he was entitled, without affecting the husband's interests or rights.

   [Ed. Note.—For other cases, see Parties, Dec. Dig. ☞32.

   For other definitions, see Words and Phrases, First and Second Series, Indispensable Party.]

2. **EXECUTORS AND ADMINISTRATORS ☞438(8)—ACTION BY ADMINISTRATOR—HUSBAND OF DECEDENT AS PARTY PLAINTIFF.**

   In suit by a wife's administrator to set aside deeds, one given by decedent and husband to M., and one given by M. to another, the proper position of the husband as a party to the suit, was as a plaintiff, and not as a defendant, as a recovery by the administrator was in harmony with recovery by the husband, so that the federal court had no jurisdiction of the cause, on the ground of diversity of citizenship, where the husband was a resident of the same state as the defendants, in which the administrator was appointed.

   [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 1777; Dec. Dig. ☞438(8); Parties, Cent. Dig. §§ 17, 25, 37, 50.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. JUDGMENT ⬤=233—PARTIES—ABSENCE OF PERSONS AFFECTED—GRANTING RELIEF.

    Where the court can do justice to the parties to a suit without injuring persons not before it, it will do so, shaping its relief so as to preserve the rights of such absent persons, requiring, if necessary, dismissal of the bill as to them.

    [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 412; Dec. Dig. ⬤=233.]

    In Equity. Suit by Fenton E. Grigsby, as administrator, against Sarah E. Miller and others. On motions to dismiss the bill of complaint and the answer and cross-complaint of John Edward Stuart, a defendant. Motions sustained, with leave to complainant to move to dismiss as to defendant Stuart.

    This is a suit to set aside two deeds, one given by Wana Miller Alexander Stuart and James Edward Stuart, her husband, to Sarah E. Miller, as being obtained through undue influence, and the other from Sarah E. Miller to J. O. Hayes, as being given in furtherance of a scheme to defraud Mrs. Stuart. Mrs. Stuart was the daughter of Sarah E. Miller, and was twice married— first to one Alexander, from whom she obtained a divorce, and then to Stuart, who survives her, and is her only heir at law. Fenton E. Grigsby, who brings this suit as administrator of the estate of Mrs. Stuart, was duly appointed such administrator by the county court of Marion county, Or., and, Mrs. Stuart having left debts to be paid, the county court by order authorized and directed the administrator to institute suit to set aside such deeds for the benefit of Mrs. Stuart's estate. Sarah E. Miller, John Edward Stuart (the widower of Wana Miller Alexander Stuart), and J. O. Hayes were made parties defendant. Grigsby is a citizen of this state, and the three defendants are citizens of the state of California. All the defendants appeared and filed answers to the complaint; Stuart admitting all the allegations and demanding like relief as the plaintiff. A little later Grigsby, by leave of the court, filed a supplemental bill, which seeks an accounting with Miller and Hayes touching matters arising out of the sale of lands in which Mrs. Stuart is alleged to have had an interest, other than the lands forming the subject of the principal bill. With the pleadings in this condition, the defendants Miller and Hayes interposed motions to dismiss the bill of complaint and the answer and cross-complaint of Stuart, on the ground that the court has not jurisdiction of the cause because of want of diversity of citizenship.

    W. C. Bristol, of Portland, Or., for complainant and respondent Stuart.

    Harry L. Raffety, of Portland, Or., for respondent Miller.

    Almon E. Roth, of San Francisco, Cal., for respondent Hayes.

    WOLVERTON, District Judge (after stating the facts as above). No question seems to be made as to the authority of the plaintiff in his representative capacity to maintain the suit.

    The real question involved by the motions is whether the defendant Stuart is an indispensable party, and, if so, whether he should not be aligned with the plaintiff. If so aligned, defendants urge that the jurisdiction of the court would be ousted, because it would then appear that a citizen of one state would be suing citizens of the same state, and there would be lacking the requisite diversity of citizenship. Section 50 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1101 [Comp. St. 1913, § 1032]) provides:

⬤=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"When there are several defendants in any suit at law or in equity, and one or more of them are neither inhabitants of, nor found within the district in which the suit is brought, and do not voluntarily appear, the court may entertain jurisdiction, and proceed to the trial and adjudication of the suit between the parties who are properly before it; but the judgment or decree rendered therein shall not conclude or prejudice other parties not regularly served with process nor voluntarily appearing to answer; and nonjoinder of parties who are not inhabitants of nor found within the district, as aforesaid, shall not constitute matter of abatement or objection to the suit."

Rule 39, Federal Equity Rules (198 Fed. xxix, 115 C. C. A. xxix), provides:

"In all cases where it shall appear to the court that persons, who might otherwise be deemed proper parties to the suit, can not be made parties by reason of their being out of the jurisdiction of the court, or incapable otherwise of being made parties, or because their joinder would oust the jurisdiction of the court as to the parties before the court, the court may, in its discretion, proceed in the cause without making such persons parties; and in such cases the decree shall be without prejudice to the rights of the absent parties."

The statute and the rule received consideration by the Supreme Court in a comparatively recent case, Waterman v. Canal-Louisiana Bank Co., 215 U. S. 33, 48, 30 Sup. Ct. 10, 14 (54 L. Ed. 80), where it was said:

"This rule does not permit a federal court to proceed to a decree in that class of cases in which there is an absence of indispensable, as distinguished from proper, or even necessary parties, for neither the absence of formal, or such as are commonly termed necessary parties, will defeat the jurisdiction of the court: Provided, in the case of necessary parties, their interests are such and so far separable from those of parties before the court, that the decree can be so shaped that the rights of those actually before the court may be determined without necessarily affecting other persons not within the jurisdiction."

[1] Indispensable parties are such as are so necessary that a decree without their presence would prejudice their rights and leave the case in a shape contrary to equity and good conscience. Hughes' Federal Procedure (2d Ed.) 257. They have been otherwise described as parties whose interest in the subject-matter of the suit and the relief sought are so bound up with that of other parties that their legal presence as parties to the proceeding is an absolute necessity, without which the court cannot proceed. In such cases the court refuses to entertain the suit when these parties cannot be subjected to its jurisdiction. Barney v. Baltimore City, 6 Wall. 280, 18 L. Ed. 825.

Now, measured by this understanding as to what constitutes an indispensable party, may the defendant Stuart be so considered? While he has an inchoate interest in the cause, that is, such an interest that, if the plaintiff succeeds, he will be benefited by the litigation to the extent that his title to the property will be potentially established, subject to the right of the administrator to subject the realty to the payment of his decedent's debts, yet it is perfectly manifest that the plaintiff could proceed without him, and obtain all the relief to which plaintiff is entitled without in any way affecting his interests

or rights. Nor is it apparent that a decree so entered will prejudice any of the parties to the litigation, much less Stuart.

The case of Blacklock v. Small, 127 U. S. 96, 8 Sup. Ct. 1096, 32 L. Ed. 70, is illustrative as indicative of an indispensable party. That was a suit by two sisters against one Small, the alleged obligor under a bond, to recover the amount thereof. In their bill they joined another sister with Small as a defendant. All the sisters were joint owners of the bond, and it was held that the suit could not proceed without the presence of the third sister as a party plaintiff. So she was held to be an indispensable party. Of a like nature is Board of Trustees v. Blair (C. C.) 70 Fed. 414.

Waterman v. Canal-Louisiana Bank Co., supra, affords an illustration of a necessary, but not indispensable, party, in which it was held that the court might proceed without the presence of the necessary party. The case was a case against an executor for a decree concerning the right of complainant to recover because of the alleged lapse of a legacy to the Home for the Insane, and the consequent increase in the residuary portion of the estate to be distributed to the heirs of a Mrs. Tilton, because of the allegations contained in the bill. The Watermans and Davis were made parties to the bill, and it was sought to exclude them from a participation in the recovery because of the alleged renunciation of their rights in the succession to Mrs. Tilton. If it was found that they had not thus renounced their interest, and a decree was rendered for complainant, then they would be entitled to a recovery. It was said that they had no interest in common with the complainant, and the shares of complainant and other heirs were separate and distinct. The question was whether Davis was an indispensable party, and it was held that, while he was a necessary party, he was not an indispensable party, without whose presence a court of equity could not do justice between the parties before it, and whose interests would be so affected by any decree to be rendered as to oust the jurisdiction of the court.

I conclude, therefore, that Stuart, while a proper and necessary party, is not an indispensable party.

[2] But Stuart was not only made a party—he was brought into court, and has made his appearance by filing his answer and cross-complaint to the bill. The question has been presented whether he should not have been made a party plaintiff. His relief, if any he has, is against the other two defendants, and the complainant has no relief against him, except that, if recovery be had of the land, Stuart's interest shall be subordinated to the payment of the claims against his wife's estate. This is not controverted by Stuart, and, while their interests are not in common, a recovery by plaintiff would be perfectly in harmony with a recovery by Stuart. I am of the opinion, therefore, that Stuart should be aligned with the complainant, and not with the defendants. This, of course, ousts the court of jurisdiction, Stuart being a resident of the same state with Miller and Hayes, and the motions to dismiss must be sustained.

[3] It is a principle of law that, where the court can do justice to the parties before it without injuring absent persons, it will do so, and shape its relief in such a manner as to preserve the right of persons not before the court. If necessary, the court may require that the bill be dismissed as to such absent parties, and may generally shape its decree so as to do justice to those made parties without prejudice to such absent persons. Payne v. Hook, 7 Wall. 425, 19 L. Ed. 260.

In the case of Horn v. Lockhart, 17 Wall. 570, 21 L. Ed. 657, the lower court, finding there were present necessary, but not indispensable, parties whose presence was inimical to the jurisdiction of the court, and that the interests of such parties were severable from those of the other parties to the suit, and that a decree without prejudice to their rights could be made, directed in its final decree that the bill as to such defendants be dismissed, and retained jurisdiction. This was upheld by the Supreme Court as proper procedure, and that court upheld the action of the Circuit Court.

In Hicklin v. Marco, 56 Fed. 549, 6 C. C. A. 10 (this circuit), the objection that the presence of a party who was not an indispensable party ousted the court of jurisdiction was met and obviated by the trial court allowing complainant to amend his bill by dismissing as to such party. In view of this procedure, the order of the court will be that the motions of defendants be sustained, but with leave to the complainant to move to dismiss as to defendant Stuart; and, if such motion is made, it will be allowed, and the court will retain jurisdiction.