## Case No. 9,002.

### MALTZ et al. v. AMERICAN EXP. CO.

[1 Flip. 611;[1] 3 Cent. Law J. 784.]

Circuit Court, E. D. Michigan. Nov., 1876.

REMOVAL OF CAUSES — JOINT STOCK ASSOCIATION —CITIZENSHIP.

Where a joint stock association was organized under the laws of New York, having the privilege of perpetual succession and the right of making contracts in the name of such association, and of suing and of being sued in the name of its president or treasurer, it is to be deemed a citizen of that state, at least so far that an action can be maintained against it by a citizen of another state in a federal court, without regard to the citizenship of the individual members composing such association.

[Cited in Baltimore & O. R. Co. v. Adams Exp. Co., 22 Fed. 408; Imperial Refining Co. v. Wyman, 38 Fed. 579.]

This was a motion to remand a case removed from the superior court of Detroit. Petition stated that plaintiffs were citizens of Michigan, and that "the defendant was, at the time said suit was commenced, a joint stock association, organized and existing under the laws of the state of New York, having its principal office in that state, and is within the meaning of the acts of congress, a citizen of the said state of New York." The motion was based upon the ground that the case was not removable, and accordingly this court had no jurisdiction of the parties or matter in suit.

Alfred Russell, for plaintiffs.
Mr. Speed, for defendant.

---

[1] [Reported by William Searcy Flippin, Esq., and here reprinted by permission.]

BROWN, District Judge. The earlier construction of the constitution, which regarded the citizenship of a corporation as depending upon that of its individual corporators, was fully overthrown in the case of Louisville R. Co. v. Letson, 2 How. [43 U. S.] 497, and the modern rule there declared, "that a corporation created by, and doing business in, a particular state, is to be deemed, to all intents and purposes as a person, though an artificial person, an inhabitant of the same state, for the purposes of its incorporation, capable of being treated as a citizen of that state, as much as a natural person."

This doctrine has since been strictly adhered to, though the question has been repeatedly called to the attention of the court. Marshall v. Baltimore & O. R. Co., 16 How. [57 U. S.] 314; Covington Drawbridge Co. v. Shepard, 20 How. [61 U. S.] 233; Ohio & M. R. Co. v. Wheeler, 1 Black [66 U. S.] 297; Cowles v. Mercer Co., 7 Wall. [74 U. S.] 118. Indeed, in delivering the opinion in the case of Letson, Mr Justice Swayne, speaking of the early decisions, observes: "By none was the correctness of them more questioned than by the late chief justice, who gave them. It is within the knowledge of several of us, that he repeatedly expressed regret that those decisions had been made, adding, whenever the subject was mentioned, that if the question of jurisdiction was an original one, the conclusion would be different. We think we may safely assert that a majority of the members of this court have at all times partaken of the same regret, and that, whenever a case has occurred on the circuit, involving an application of the case of Bank of U. S. v. Deveaux [5 Cranch (9 U. S.) 61], it was yielded to because the decision had been made, and not because it was thought to be right." The right of a corporation to sue as a citizen of the state creating it is no longer susceptible of argument.

In the present case, the petition avers that the defendant was, at the time suit was commenced, "a joint stock association, organized and existing under the laws of the state of New York, having its principal office in said state, and is, within the meaning of the acts of congress, a citizen of said state of New York." Taking judicial notice, as this court is bound to do, of the laws of the state of New York, I find that joint stock associations are recognized by statute, and endowed with the following attributes of corporations:

1st—They may sue and be sued in the name of their president or treasurer. 3 Rev. St. (Ed. 1875) p. 762. For this purpose the officer is regarded as a corporation sole; he is a representative of the company, distinguished from the individuals composing it, and a suit may be brought against him by other shareholders in the company. Westcott v. Fargo, 61 N. Y. 542; Cross v. Jackson, 5 Hill, 478. No such suit abates by reason of the death, removal or resignation of the officer so sued, but may be continued against his successor. 3 Rev. St. p. 763. The officer so sued is not personally liable. Id.

2d—Its capital is represented by certificates of stock. Id. p. 764.

3d—Neither the death of a stockholder, nor the assignment of his stock, works a dissolution of the company; in other words, they are endowed with perpetual succession, or, as it is termed, the immortality of corporations. Id.

4th—They may take, hold and convey real estate in the name of their president, and in perpetual succession. 2 Rev. St. p. 402; Waterbury v. Merchants' Union Exp. Co., 50 Barb. 160.

Partnerships have none of these attributes. Indeed, except in the want of a common seal, these associations are corporations without the name. The definition of a corporation is quite broad enough to include associations of this character. In the work of Angell & Ames, it is defined as "a body, created by law, composed of individuals united under a common name, the members of which succeed each other, so that the body continues the same, notwithstanding the change of individuals who compose it, and is for certain purposes considered as a natural person."

Though the acts of New York, above cited, provide that joint stock companies shall not have the rights and privileges of corporations, they are expressly endowed with inherent qualities as such; and the constitution of the state (article 8, § 3) provides that the term corporations, as used in this article, shall "be construed to include all associations and joint stock companies having any of the powers or privileges of corporations not possessed by individuals or partnerships. And all corporations shall have a right to sue, and shall be subject to be sued, in all courts, in like cases as natural persons." It is true that stockholders are liable individually for the debts of the association. But this liability attaches only after an exhaustion of remedies against the joint property. 3 Rev. St. p. 763. As observed by the supreme court, this individual liability is by no means incompatible with the corporate idea. Liverpool Ins. Co. v. Massachusetts, 10 Wall. [77 U. S.] 566. Indeed, such liability is frequently imposed in favor of creditors of banks and claims for personal labor.

By the constitution of this state, the stockholders of all corporations and joint stock associations are placed upon the same footing, and are individually liable for all labor performed. Article 15, § 7. Nor is it material that its suits are brought in the name of its president, instead of the artificial name by which it contracts. "If it can contract in the artificial name, and sue and be sued in the name of its officers, on those contracts, it is in effect the same, for process would have to be served on some such officer, even if the suit were in the artificial name." Liverpool Ins. Co. v. Massachusetts, 10 Wall. [77 U. S.]

575. But whether a corporation or not, a joint stock association is a distinct legal entity, and so long as this fact exists, and it possesses the attributes of perpetual succession and the capacity of suing and being sued, it is a juridical person, a proper party in this court, and must be regarded as a citizen of the state which created it. I deem it wholly immaterial whether it be termed a corporation, joint stock association or guild.

Though the question here involved has never been decided by the court of last resort, it was held in the case of Liverpool Ins. Co. v. Massachusetts, 10 Wall. [77 U. S.] 566, that a joint stock association, endowed with privileges precisely similar to those possessed by the American Express Company, was a corporation within the meaning of an act of Massachusetts, imposing a tax upon insurance companies incorporated or associated under the laws of a foreign country, doing business in that state, notwithstanding parliament had provided that the act creating it should not be construed to incorporate the company or relieve its members from individual liability. The case of Pennsylvania v. Quicksilver Co., Id. 553, has no bearing upon the question at issue here. It was there held that the corporation was insufficiently described as "a body politic in the law of, and doing business in the state of, California," and the case turned solely upon the form of this allegation. As observed by the court, "it may mean that the defendant is a corporation doing business in that state by its agent; but not that it had been incorporated by the laws of the state. * * * Indeed, it was admitted in the argument that the defendant was a Pennsylvania corporation, and the jurisdiction sought to be sustained by a suit against this agency."

I find more difficulty in reconciling the views here expressed with the opinion of the court in Dinsmore v. Philadelphia & R. R. Co. [Case No. 3,921]. Notwithstanding there are expressions in the opinion which would seem to indicate that the case turned upon the form of the allegation, the reasoning of the court is certainly susceptible of the construction that it regarded a joint stock association as incapable of suing in the federal court. I regret my inability to concur in this view. It is not intended to decide here whether this action is properly brought against the defendant by the name of the American Express Co.

The motion to remand must be denied.