MAINE *v.* GILMAN and others.

*(Circuit Court, D. Maine.* March 25, 1882.)

1. REMOVAL OF CAUSE—SECTION 2 OF ACT OF MARCH 3, 1875, CONSTRUED.

The first clause of this section, providing for the removal of causes into the circuit court, requires all the plaintiffs or all the defendants to have the right to remove the cause, but by the second clause any one, either plaintiff or defendant interested, may petition if the controversy can be fully determined as to him. The first clause refers to an ordinary action at common law, where there is only one party on each side, and the second refers to suits where there may be distinct controversies between different sets of plaintiffs and defendants.

2. SAME—MATTER IN DISPUTE.

The matter in dispute must at the time of filing the petition exceed $500, and if, by amendment in the state court, the amount has been reduced to less than that sum, the cause cannot be removed.

3. FRACTIONS OF A DAY—MAXIM.

The ancient maxim that the law knows no fractions of a day is now known chiefly by its exceptions. When private rights depend upon it, courts will inquire into the hour at which an act was done, or a decree entered, or an attachment laid, or any title accrued.

LOWELL, C. J. The plaintiff, an attorney at law and citizen of Massachusetts, brought an action in the superior court for the county of Kennebec, Maine, against Anna K. Gilman, a citizen of New York, and Charles B. Gilman, a citizen of Maine, both of whom were served with process. The writ laid the damages at $1,000, upon an account annexed, for services amounting to $598.23. The action was entered at the December term, 1880, when the defendant, Charles B. Gilman, demanded a jury trial, and Anna K. Gilman, on the thirteenth day of the term, filed a petition to remove the cause to this court, but filed no bond. On the twentieth day the plaintiff filed a motion to reduce the *ad damnum* of his writ to $500, which was granted at 3 o'clock in the afternoon, and at 4 o'clock of the

same afternoon the defendant, Anna, filed her bond for removal, which was approved. The plaintiff moves to remand the cause to the state court.

The second section of the statute of 1875 contains two clauses, by the first of which, if there shall be a controversy between citizens of different states, either party may remove the cause; and by the second, if there shall be a controversy which is wholly between citizens of different states, and which can be fully determined as between them, then either one or more of the plaintiffs or defendants actually interested in such controversy may remove the cause. It is not easy to give a reason for the inconsistency between two clauses of the same sentence or paragraph; but it exists, because in the first clause "either party" undoubtedly means all the plaintiffs or all the defendants; and in the second the language is clear that any one plaintiff or defendant interested in the particular controversy may petition. The courts reconcile this conflict as well as they may by holding that the first clause refers to an ordinary action at common law, like the one at bar, where there is but one party on each side, no matter of how many persons that party may consist, and that in such actions the plaintiffs or defendants must act as a unit; and the second, to suits in equity where there may be distinct controversies between different sets of plaintiffs or defendants. If this is the true meaning of the statute, this petition was insufficient, because it is made by only one defendant. See the *Removal Cases,* 100 U. S. 457; *Ruckman* v. *Palisade Land Co.* 1 FED. REP. 367; *Burke* v. *Flood,* Id. 541; *Smith* v. *McKay,* 4 FED. REP. 353; *Bybee* v. *Hawkett,* 5 FED. REP. 1.

The second reason given by the plaintiff for remanding the cause seems to be equally sound. The matter in dispute did not, at the time the petition was perfected by filing the bond, exceed $500. In the mode of pleading adopted in Maine the *ad damnum* binds the plaintiff as a *maximum,* and a judgment for more is erroneous, or, at least, if not technically erroneous would be irregular and improper. *Grosvenor* v. *Danforth,* 16 Mass. 74; *Smith* v. *Keen,* 26 Me. 411; *Morse* v. *Sleeper,* 58 Me. 329.

It has been ably argued that the superior court had no power to permit such an amendment; or, if at all, not *ex parte.* I assume that it was *ex parte,* as counsel represent it, though the record does not disclose the fact. It is a common practice to permit a charge in the *ad damnum* by increase and by diminution. If the latter, there hardly seems any necessity for notice to the other party. At all events, it is within the discretion of the court to order notice or not in such a

case. *Hall* v. *Williams*, 10 Me. 278. It cannot injure the defendant to have the damages diminished, excepting that it would prevent his removing the cause to the circuit court. It may be taken for granted that this was the motive of the plaintiff in offering his amendment. But if it were so the motive is not illegal. The exense and delay attending a removal are thought by Judge Dillon to make the law harsh and undesirable in cases no larger than this. Dillon, Removal of Causes, § 52. In the much more objectionable case of a *remittitur* after verdict the court may sometimes allow it, with the admitted purpose of preventing an appeal. *Thompson* v. *Butler*, 95 U. S. 694.

The amendment may be made in due season. The law supposes that the petition and bond will be filed together, and declares that it shall be "the duty of the state court to accept said petition and bond, and proceed no further in such suit." 18 St. 471. There is no objection to filing the petition first, but it has no effect upon the jurisdiction of the state court until the bond is presented.

It is insisted that the law knows no fractions of a day. But this ancient maxim is now chiefly known by its exceptions. When private rights depend upon it, the courts inquire into the hour at which an act was done, or a decree was entered, or an attachment was laid, or any title accrued. *Nat. Bank* v. *Burkhardt*, 100 U. S. 686; *Wydown's Case*, 14 Ves. Jr. 80; *Re Wynne*, Chase, 227; *Westbrook Co.* v. *Grant*, 60 Me. 88; *Re London & Devon B. Co.* L. R. 12 Eq. 190; *Re Pettit*, L. R. 1 Ch. D. 478.

The crown in England has a prerogative to be conclusively presumed the first to have acquired a right on a given day. *Reg.* v. *Edwards*, 9 Ex. 32. And there is some doubt whether the hour at which a statute became law can be proved, though I think it may. See *Richardson's Case*, 2 Story, 571; *Kennedy* v. *Palmer*, 6 Gray, 316; *Lapeyre* v. *U. S.* 17 Wall. 191, and cases there cited.

Case remanded.