# CASES

## ARGUED AND DETERMINED

### IN THE

# UNITED STATES CIRCUIT COURTS OF APPEALS AND THE CIRCUIT AND DISTRICT COURTS.

---

## PRINCE v. ILLINOIS CENT. R. CO. et al.

### (Circuit Court, D. Kentucky. November 21, 1899.)

**1. REMOVAL OF CAUSES—SEPARABLE CONTROVERSY.**

There can be no joint liability of a railroad company and its employés for an injury alleged to have resulted from the failure of the company and of such employés to perform a duty imposed on the company alone by statute; and in an action to recover for such injury, commenced in a state court against both the company and such employés, the controversy is separable as to the defendants, and the cause may be removed by the railroad company, where it is a citizen of another state, and the other requisites for removal exist.[1]

**2. SAME—JOINDER OF DEFENDANTS TO PREVENT REMOVAL.**

In an action brought in a state court by a citizen of the state against a nonresident railroad company to recover for a personal injury, the joinder as defendants of certain employés of the company, who are citizens of the state, and against whom the facts alleged clearly constitute no cause of action, must be regarded by a federal court to which the cause would otherwise be removable as an attempted fraud upon its jurisdiction, which will not be permitted to defeat such right of removal.

On Motion to Remand to State Court.

Bishop & Hendricks, for plaintiff.

Quigley & Quigley, for defendants.

EVANS, District Judge. The plaintiff, a citizen of Kentucky, was a brakeman or switchman employed by the Illinois Central Railroad Company, and was hurt, while coupling cars for that company, at Paducah, Ky. This action to recover damages therefor was brought in the state court by the plaintiff against the railroad company, W. R. Carroll, and E. P. Smith. The railroad company is a citizen of Illinois. W. R. Carroll and E. P. Smith are citizens of Kentucky. The plaintiff's petition shows his own relation to the railroad company at the time of the injury, which occurred while he was in the discharge of

---

[1] As to separable controversy as ground of removal, see note to Robbins v. Ellenbogen, 18 C. C. A. 86, and, supplementary thereto, note to Mecke v. Mineral Co., 35 C. C. A. 155.

the duties of his position. While coupling cars, as he alleges, his foot was caught in a frog, and he claims that this was because the frog was open, and not properly blocked or plugged. He claims that this failure to block or plug the frog was the result of the negligence alike of the railroad company and of its two other employés, viz. the defendant Carroll, who was a section boss, and defendant Smith, who was a yard master. He also claims that the individual defendants are jointly liable with the railroad company under these circumstances. The plaintiff bases this claim of joint liability upon the provisions of section 780 of the Kentucky Statutes, which reads as follows: "Before the first day of January, 1894, every company shall adjust, fix or block the frogs on its tracks to prevent the feet of its employés from being caught therein." Section 793 provides that any company failing to comply with, or violating, or permitting any of its employés or agents to violate, the provisions of section 780, shall, in addition to subjecting itself to damages, be guilty of a misdemeanor. The railroad company removed the action to this court, stating in its petition therefor two grounds, viz.: First, that there is a separable controversy, which can be fully determined between it and the plaintiff without the presence of either Carroll or Smith as parties; and, second, that those two defendants were made such in fraud of the jurisdiction of this court, and solely for the purpose of preventing a removal of the action to it. It will be observed that sections 780 and 793 of the Kentucky Statutes refer entirely to the railroad company,—to its duties and liabilities. They seem to be altogether punitive in character, and to create no civil liability which did not already exist. They create no liability whatever, civil or criminal, as against employés. On the motion to remand, made by the plaintiff, the court, pursuant to the practice required by the cases of Railroad Co. v. Wangelin, 132 U. S. 599, 10 Sup. Ct. 1003, 33 L. Ed. 473, and Hukill v. Railroad Co. (C. C.) 72 Fed. 745, heard evidence upon the second ground of removal stated above. It was shown clearly, distinctly, and without doubt that neither Smith nor Carroll was present at the time of the injury; that both were at their respective offices or headquarters at points quite remote from the place where the injury was inflicted; that neither one of them had any connection with it; that neither of them had any sort of management of the train, the cars of which were being coupled, nor gave any directions respecting it, and that neither of them had any knowledge of the occurrence at the time. The only claim was that they, in different capacities as employés of the railroad company, had had some previous supervision or control over the construction or maintenance of the frogs in the yard where a crew was operating the train, and that in some way they had negligently failed to block or plug up the frogs. Upon this state of facts the court feels bound to conclude that there could be no reason for joining Carroll and Smith, except for the purpose of preventing a removal to this court, and particularly so as the claim to recover from them or either of them is so utterly unfounded in fact as to make that conclusion a demonstration. Nor can the court, in considering the subject, ignore its own knowledge of the surrounding situation, which knowledge is, indeed, matter of public

current history. The court is, therefore, of opinion that the joinder of Carroll and Smith under the circumstances is equivalent to a fraud upon the jurisdiction of this court, which it would be discreditable to wink at or fail to see. The cases of Warax v. Railway Co. (C. C.) 72 Fed. 637, and Hukill v. Railroad Co. (C. C.) 72 Fed. 745, and the authorities there cited, seem to leave no doubt of the correctness of the conclusion reached upon this ground for removal. They control in this circuit until reversed or overruled, notwithstanding anything conflicting in the opinion of Judge Shiras in Deere, Wells & Co. v. Chicago, M. & St. P. Ry. Co. (C. C.) 85 Fed. 876. The same cases also seem to make clear the proposition that there was no such privity of contract or of relation or otherwise between the plaintiff and either Carroll or Smith as to make either of them liable in any event to the plaintiff for the injury. They were the employés of the railroad company. They owed no duty to the plaintiff, under the circumstances of this case, whatever may have been their obligations to the railroad company; and while their superior, the common employé of all the parties, may be responsible to the plaintiff, it by no means follows that Carroll or Smith is in any way liable. Evidently it is a case where the master, if any one, must respond for the damage, instead of the servant. But, whatever may be the law as to a several liability, according to the cases cited, there is no joint liability with the railroad company to the plaintiff upon the facts stated in his petition. It therefore follows, under the rulings referred to, that there is a separable controversy between the plaintiff and the railroad company which can be fully determined as between them without the presence of either Carroll or Smith as a party to the cause. This would bring the whole case here to be retained until that separable controversy is fully determined, when, under the ruling in the case of Torrence v. Shedd, 144 U. S., at page 533, 12 Sup. Ct. 726, 36 L. Ed. 528, the action should be returned to the state court to be there disposed of as to Carroll and Smith. At present, however, as each of the grounds indicated is sufficient, the motion to remand is overruled.