McCORMICK v. ILLINOIS CENT. R. CO. et al.

(Circuit Court, D. Kentucky. March 5, 1900.)

REMOVAL OF CAUSES—JOINDER OF DEFENDANTS.

Defendant railroad company is entitled to removal of the cause to the federal court, on the ground of fraud on the jurisdiction of the court, though an individual, a citizen of the same state as plaintiff, is joined as a defendant; it being avowed by plaintiff's counsel that one of the objects in suing defendants jointly was to prevent a removal; the action being for death of a fireman on the engine of a freight train of the railroad, occasioned by his being struck, while looking out of the cab window, by the arm of a crane, swung into position for delivery of mail to a train, which was following, while moving; the crane being operated by no agent of the railroad, but by the individual defendant, the postmaster at the place of the accident; the railroad having no sort of joint agency in the doing of any act directly or proximately bringing about the accident; and the only plausible claim that the railroad can be made liable being that nine months before the accident engines seven inches wider than formerly used were put in operation, without the crane being moved further from the track.

Matt O'Doherty, for plaintiff.
Pirtle & Trabue, for defendants.

EVANS, District Judge. There are two grounds upon which the right of removal is claimed in this case. The first is that there is a separable controversy as to the Illinois Central Railroad Company, which it had a right to have tried in this court. The second is that the defendant Bratcher and the railroad company were sued jointly solely for the purpose of defeating the right of removal. The evidence heard makes this case somewhat different from any I have tried, or to which my attention has been called, and it is not at all free from difficulty. It is not the usual case where it is manifest that there is no cause of action against the individual defendant colorably joined, but one where it is well-nigh certain that, whatever may be the case as to the individual defendant, there is no cause of action against the railroad company, and yet a case where it is sought to sue it jointly with a citizen of Kentucky. It is frankly avowed at the bar by counsel for the plaintiff that one of the objects of the plaintiff was to prevent a removal, and that that was in contemplation when it was unnecessarily averred in the petition filed by the plaintiff in originating the action in the state court that Bratcher was a citizen of Kentucky.

The proper practice being to hear the evidence offered upon the second ground of removal, stated above (Prince v. Railroad Co. [C. C.]

98 Fed. 1), that course was pursued in this instance, and the facts, as found by the court, are that "Goff's Station," so called, where the injury was incurred, is nothing more than a switch or occasional stopping place on the line of the railroad, at which the company maintains no station, and at which it had no agent; that there was a post office there, and that the defendant Bratcher was postmaster; that there was a mail crane erected there, for the purpose of delivering the mail to moving trains; that this crane had been erected on the railroad company's right of way by the company for the purpose indicated; that the post of the crane was at the company's standard distance from the track; that that method of delivering the mail was according to the regulations of the post-office department; that the railroad company did not operate the said crane; that it was operated by the postmaster; that on the day of the injury complained of the movable arm of the crane was swung into position for delivering the mail to the defendant's fast train by the postmaster alone, to wit, defendant Bratcher, and in no way by the defendant railroad company nor any of its agents; that the freight train of the railroad company which was due to pass Goff's Station in the afternoon of that day was over 2 hours and 45 minutes late; that before it passed, and something over 19 minutes before the fast mail train was due at that point, the defendant Bratcher alone, and without the knowledge or agency of the railroad company, swung the arm of the crane into position for delivering the mail to the fast train; that, being in that position, it was approached by the delayed freight train, probably about 19 minutes before the time for the mail train to arrive, and the plaintiff's intestate, a fireman on the train, and who was in the cab of the engine thereof, and who presumably had put his head outside of the cab for the purpose of looking back to see if the train was all right after passing a curve at that point, came into collision with the arm of the crane, and was thereby fatally hurt. It was also shown that the engine on which he was fireman was six or seven inches wider—that is to say, three or three and a half inches wider on each side of the track— than the engines which had mostly been used on the road previous to and at the time of the erection of the crane, though that class of engines had been in use since the October preceding July, 1899. Upon these facts, and the frank avowal of the plaintiff's counsel above indicated, it is to be determined whether the right of the railroad company to remove should be sustained. I have frequently had questions somewhat similar before me, but none just like this. As the case is different in its facts, it cannot come literally within the principles established in this circuit in the Warax Case, 72 Fed. 637, and the Hukill Case, Id. 745, but I have reached the conclusion that its peculiar facts bring it within the spirit of the principles announced in those cases, and within the evil they were meant to remedy. It seems to me that it certainly appears that the act of Bratcher was exclusively his own; that it was wholly uninfluenced, wholly unaffected, and wholly uncontrolled by the railroad company or its agents; that this was the proximate cause of the injury, if not, in legal contemplation, its only cause; and that the railroad company

had no sort of joint agency in the doing of any act which, directly or proximately, brought about the injury sustained by the plaintiff's intestate, and that it would be an abuse of terms to say there was any just claim of joint liability. The only claim having any plausibility that the railroad company can be made liable at all is that, the engines being made wider, the post of the mail crane should have been removed to a correspondingly increased distance from the track. But this court must recognize the right of the railroad company to establish its own standard of construction where the safety of passengers and the public is not involved (Tuttle v. Railway Co., 122 U. S. 194, 7 Sup. Ct. 1166, 30 L. Ed. 1114); and it is much too remote and speculative to suppose that, after the wider engines had for nine months been used, the standard, at least, was not a safe one for its employés, whatever accident might have resulted from either the conduct of the postmaster or the possible imprudence of the employé who was injured. But, at all events, as the injury occurred entirely as indicated, the joinder of the parties under the actual facts of this case could hardly have been for the purposes of a joint action merely, but it must have been for the sole purpose, if possible, in this indirect way, of unjustifiably fastening the jurisdiction of the state court upon a party who otherwise would have the right of removal to this court. In this view, it was a fraud upon the jurisdiction of the court. It seems to me that these considerations fairly bring this case within the reasoning and the justice of the Warax and Hukill Cases, and the case of Prince v. Railroad Co. (C. C.) 98 Fed. 1.

Having reached this conclusion, it is unnecessary to pass upon that ground of removal, which is merely based upon the claim of separable controversy. The cases of Pirie v. Tvedt, 115 U. S. 41, 5 Sup. Ct. 1034, 1161, 29 L. Ed. 331, and Sloane v. Anderson, 117 U. S. 275, 6 Sup. Ct. 730, 29 L. Ed. 899, cited by counsel for plaintiff, refer alone to that ground of removal, in which event the matter must depend upon the case as the plaintiff chooses to pitch it in his petition; but upon the other ground of removal alleged in this case the courts go beyond that, and inquire into the plaintiff's motive in making the joinder, and if the evidence shows that to be such as above indicated, and as is described in the Warax and other cases cited, the removal will be sustained. It results from what has been said that the motion to remand must be overruled.