## SWANN v. MUTUAL RESERVE FUND LIFE ASS'N.

(Circuit Court, W. D. Kentucky. June 6, 1902.)

1. REMOVAL OF CAUSES—AMOUNT IN CONTROVERSY—PRAYER FOR JUDGMENT.

Where a plaintiff in a state court in his complaint prays judgment for a sum less than $2,000, and by the statute his recovery is limited to the amount prayed for, the sum so demanded is the amount in controversy, within the meaning of the removal act, regardless of the allegations of the complaint.[1]

2. SAME—SUFFICIENCY OF PETITION—ALLEGATION OF FRAUD UPON JURISDICTION OF COURT.

Plaintiff alleged in his complaint in a state court that after he had paid premiums on a life insurance policy issued by defendant, in an amount exceeding $2,500, his contract was forfeited and lost to him through the fraudulent and illegal acts of defendant; and he sued to recover, of the amount of premiums so paid, the sum of $1,990. Held, that the cause was not removable on an allegation in the petition therefor that plaintiff's failure to demand the recovery of the full amount of premiums paid was for the sole purpose of preventing a removal of the cause to the federal court; no fraud being charged in that regard, nor facts alleged indicative of a fraudulent purpose.

3. SAME—MOTION TO REMAND—BURDEN OF PROOF.

On a motion to remand, the burden rests on the defendant to sustain by evidence allegations of attempted fraud upon the jurisdiction of the federal court made in his petition as grounds for the removal.

On Motion to Remand to State Court.

W. W. Thum and Randolph H. Blain, for complainant.

Pirtle & Trabue, for defendant.

EVANS, District Judge. The plaintiff in his petition, in substance, alleges that in 1885 he took in the defendant association what was equivalent to a policy of insurance on his life for $5,000, and that from that date, in certain monthly or quarterly installments, he paid, at the rates then agreed upon, all premiums, assessments, and calls necessary to keep the policy alive until August 31, 1899, but that by reason of certain specifically alleged fraudulent acts of the defendant committed about that time, and which largely increased the amount of the premiums, assessments, and calls, he was driven out of the association, and his policy therein destroyed. He claims that there were such fraudulent acts upon the part of the defendant in bringing about this result as entitled him to recover the premiums paid on the policy, which he alleges amounted to $2,658.93, though he only claims $1,990 thereof, and only demands judgment for that sum, with interest and costs. The petition for the removal of the case to this court claims that right upon two grounds, viz.: First, that the amount in dispute exceeds the sum or value of $2,000, exclusive of interest and costs; and, second, that while the plaintiff, in his petition, nominally claims less than that sum, his prayer for a judgment being for only $1,990, still, as this is less than the sum which his petition shows he ought to have claimed, this diminution of his demand was made for the sole purpose of preventing a removal of the action to this court.

[1] Jurisdiction as affected by amount in controversy, see notes to Auer v. Lombard, 19 C. C. A. 75; Tennent-Stribling Shoe Co., 36 C. C. A. 459.

The plaintiff shows by his petition that he has paid $2,658.93 in premiums on the policy, all on the same footing, and that, while he might have demanded more, he in fact only claims the right to recover from the defendant, on account of premiums paid by him, the sum of $1,990 and interest. As he demands that sum only, and prays judgment for it and no more, and as he could not, under the Kentucky practice, recover a judgment for a greater amount than is specifically prayed for if no defense is made (Civ. Code Proc. § 90), it does not appear to me that any larger sum than $1,990, besides interest and costs, can, at this stage of the proceeding, be in controversy or dispute in this case, within the meaning of the removal acts. The first ground upon which the removal was sought cannot, therefore, be maintained.

It is insisted, however, that the second ground is good, wherein it is claimed that the failure of the plaintiff to seek a recovery for the full amount which he might and ought to have demanded was for the sole purpose of preventing a removal to this court. In a case like this, where a plaintiff might certainly concede something as being due to the defendant for carrying the risk, or something upon the idea that certain items of his claim may be barred by the statute of limitations, it seems to me that the plaintiff might fairly demand a return of only a portion of the premiums which he had actually paid upon a policy of insurance which had been in force for so many years. But be this as it may, in the abstract sense, I doubt if the mere allegation that such refusal to claim as great a sum as might have been demanded in a pleading like the one in this case, even if such failure was for the sole purpose of preventing a removal, is per se sufficient to show that a fraud was thereby perpetrated upon the jurisdiction of the court. In other words, I doubt, for the reason suggested, whether it is a fraud per se, in this particular case, to claim less than the plaintiff might have claimed, even if such failure was for the sole purpose of preventing a removal, and I doubt the sufficiency of a petition for a removal which does not go further than that in its averments. I incline to think that the petition for a removal upon this ground, in order to be sufficient in law to entitle a defendant to that relief, ought to allege more specifically the fraudulent act and intent of the plaintiff in the premises. Some time since, I had occasion to examine the question somewhat in the case of Downing v. Railroad Co., and, as the opinion in that case will not be reported, I quote from it briefly. Speaking of the case of Railway Co. v. Dixon, 179 U. S. 131, 21 Sup. Ct. 67, 45 L. Ed. 121, it was said:

"In the case referred to the petition for a removal averred, among other things, that certain citizens of Kentucky were joined for the sole purpose of preventing the railroad company from exercising the rights guarantied to it by the constitution and laws of the United States of removing the suit. The petition in the case before me substantially charges the same thing as one of the grounds for removing the case, and is the only ground alleged, except that which is based upon the idea of a separable controversy. In delivering the opinion of the court in the Dixon Case, Chief Justice Fuller observed that 'the petition for removal did not charge fraud in that regard, or set up any facts and circumstances indicative thereof, and plain-

tiff's motive in performance of a lawful act was not open to inquiry.' Inasmuch as the averment of the petition for a removal of this case in this respect is similar to that in the Dixon Case, this court is not at all at liberty to disregard the ruling there made. It would be quite another thing if the petition for a removal had in express terms alleged that the defendants Kelly and Wilkerson, not being at all liable for or concerned in the acts complained of, were knowingly and fraudulently misjoined by the plaintiff in his petition for the purpose of perpetrating a fraud upon the jurisdiction of this court. The opinion in the Dixon Case seems to still leave open the question of whether a plaintiff can prevent a removal by a misjoinder of citizens of the state in which the suit is brought, where it is charged in the petition for a removal that such joinder was fraudulently made with a fraudulent intent to prevent a removal and for no other purpose."

It seems to me that the same considerations apply to the petition for the removal of this action. Otherwise cases like those referred to in Railway Co. v. Dixon, 179 U. S. 137, 138, 21 Sup. Ct. 67, 45 L. Ed. 121, might establish, at least by analogy, the right by the plaintiff to pitch his case as he chose. But at all events there is no presumption of the truth of the allegations of a petition for removal when such relief is claimed upon the ground of a fraud upon the jurisdiction of the court, and upon a motion to remand a case, where the removal is upon that ground, as has been often held, the burden is upon the defendant to establish the truth of his allegations by evidence. Railroad Co. v. Wangelin, 132 U. S. 599, 10 Sup. Ct. 203, 33 L. Ed. 473; Prince v. Railroad Co. (C. C.) 98 Fed. 1. No testimony in support of the defendant's allegations was offered at the hearing of the motion to remand, and consequently the averments of the petition for a removal on that subject are not proved unless their truth is to be presumed from the plaintiff's pleading itself. The petition for removal only states that plaintiff's demand was reduced for the sole purpose of preventing a removal, and does not expressly charge nor attempt otherwise to show an intent on the part of the plaintiff to perpetrate a fraud upon the jurisdiction of this court; and, in my opinion, the allegations of the plaintiff's petition do not necessarily import such fraudulent purpose by the mere curtailment of the amount sought to be recovered. In other words, those allegations in this particular case do not per se show, even if true, an intention to perpetrate such a fraud. Learned counsel have cited many authorities to show that where the laws of a state place a maximum limitation upon the amount of a demand of which the courts of justices of the peace are given jurisdiction, and where a trial by jury may be denied, it is a fraud upon the legal rights of the defendant and upon the jurisdiction of some superior court for the plaintiff, without defendant's consent, to credit an amount on the demand sued upon sufficient to bring it within the jurisdiction of the justice's court. It is frankly stated by counsel, however, that there is a great conflict in the authorities on the point, and that the weight of them, so far, at least, as the number of cases go, is probably against the view they urge. In considering the cases cited for defendant, it must be observed that in practically all of them there was a contract, express or implied, to pay an exact sum of money; and it was considered that one party alone could not so change that contract as to affect the

rights of the other, even as to the collateral matter of the right to be sued thereon in a superior, instead of an inferior, court. But in the case before us there is no such element. The plaintiff claims to have been defrauded and injured by the defendant to a larger extent, indeed, but only demands reparation to a lesser extent. Is he bound by any obligation to defendant not to claim from it a sum less than he might have the right to demand in a case, not of contract, but of quasi tort? It seems to me not. On the contrary, the court is of opinion that he may himself voluntarily and conclusively determine how much he will seek to recover in this case, precisely as he might in a case of damages for personal injury.

The motion to remand must therefore, for the reasons indicated, be sustained, and it becomes unnecessary to discuss the question of whether or not there was a valid service of process on the defendant, or whether the petition for removal of the cause was made at too late a date.