HAWEEY, District Judge
(orally). This is a companion case to Carothers v. McKinley M. & S. Co. (D. C.) 116 Fed. 947. The plaintiff, after the court denied the motion to remand in that cause, dismissed the case, and thereafter commenced the present action in the state court. The motion in the present case clusters around the question as to whether or not William N. McGill is a proper or necessary party defendant, or whether he was joined as a party defendant for the sole purpose of depriving the other defendants of their right to remove the cause to this court on the ground of the diversity of citizenship existing between them and the plaintiff. There is really no controversy as to the facts. There is no pretense on the part of the plaintiff that William N. McGill, as a party defendant, had any interest in the property involved in this suit. Plaintiff simply contends that McGill is a proper and necessary party because he was a wrongful actor, and actively participated in ousting him from fhe possession of the mining ground in controversy. He seeks to *307 maintain the position contended for upon the general principle, often applied in cases of tort and trespass, that, where the alleged wrongful act is of such a nature or character that it might have been committed by two or more persons, the injured party may bring his action separately or jointly against all or any of the persons who wrongfully contributed, as actors, directors, aiders,, or abettors, in the commission of the wrongful act, because in such cases the parties participating in the wrongful act are jointly and severally liable for the acts of each and of all. Authorities in support of this general principle can be found in nearly all the states, and are too numerous to require citation. Reference, however, is here made to Cooley on Torts (2d Ed.) 136; 21 Ency. Pl. & Pr. 806, 807, where many of the authorities upon this subject are cited.
Do the facts of this case bring it within this general rule? It may be admitted that if the case had been presented upon the complaint alone, and the right of removal rested solely upon the diversity of citizenship therein alleged, the cause would have to be remanded. The complaint states a joint cause of action against all of the defendants. This court would not, in such a case, inquire, on a motion to remand, either as to the truth of the allegations in the pleadings, or the sufficiency of the complaint, or whether it states a good cause of action. Hax v. Caspar (C. C.) 31 Fed. 499; Camprelle v. Balbach (C. C.) 46 Fed. 81. The law is well settled that a defendant cannot make an action several, which plaintiff has elected to make-joint. Mitchell v. Smale, 140 U. S. 406, 409, 11 Sup. Ct. 819, 35 L. Ed. 442; Torrence v. Shedd, 144 U. S. 527, 530, 12 Sup. Ct. 726, 36 L. Ed. 528, and authorities there cited; Railway Co. v. Dixon, 179 U. S. 131, 138, 21 Sup. Ct. 67, 45 L. Ed. 121, and authorities there cited. But this case does not rest alone upon the complaint. The petition alleges, and the proofs show, without controversy, that the plaintiff well knew before he commenced the action that McGill, in all that he did, acted solely as the managing agent of the McKinley Mining & Smelting Company. The action is one of ejectment, p*re and simple. It is not claimed that McGill forcibly ejected plaintiff from the premises, or committed any assault upon him. The affidavit on behalf of plaintiff shows what McGill did. He served the notice set forth in the statement of facts, as the managing director of the McKinley Mining & Smelting Company. His act in serving this notice was the act of the corporation. By the notice plaintiff was informed that the sole ownership of the mine was in the corporation, and plaintiff was “notified by said company to cease working upon” the mine, and that if he failed to do so he would be held “liable for trespass.” It would be a misnomer to call McGill’s act in serving this notice a tort for which he could be held liable under the general principles of the law before referred to. In the multitude of cases cited by plaintiff, I find none relating *to a state of facts such as are presented here. They nearly all relate to cases of tort, trespass, seizure of or injury to the person or real or personal estate of the plaintiff; ■ and the correctness of the general rule as applied to such cases cannot be questioned. To illustrate and make clear this proposition, a brief reference to the facts of a few of the cases cited by plaintiff may be re *308 ferred to. Thus, in Welsh v. Stewart, 31 Mo. App. 376, the broad principle is announced that it is no answer to an action for a trespass that the defendant was acting as agent or contractor for another; that in such cases all participants are liable as principals. But what were the facts? The case, as stated in the complaint, was that the plaintiff occupied certain premises for business purposes, and while lawfully in possession thereof the defendants, with force and arms, wrongfully and unlawfully entered upon them, and tore them down; causing a large amount of dirt, timbers, and débris to fall into the building, breaking and defacing the plaintiff’s furniture, and injuring him in his person, etc. In Brown v. Coxe Bros. & Co. (C. C.) 75 Fed. 689, the plaintiff was injured, while employed on a steamboat by the falling of a coal bucket operated by one C. It was alleged that C. was negligent in using defective machinery, and that the steamship company was negligent in not providing him a safe place to work and in not warning him of his danger, and it was held that the liability was joint as well as several. Kane v. Indianapolis (C. C.) 82 Fed. 770, was of a like character—to recover damages for injuries received from a defective step on a sidewalk—and it was held that the owner of the lot and the contractor for making repairs thereon could be jointly sued. To the same effect, see Kansas City R. R. v. Daughtry, 138 U. S. 298, 11 Sup. Ct. 306, 34 L. Ed. 963. In Pirie v. Tvedt, 115 U. S. 41, 5 Sup. Ct. 1034, 1161, 29 L. Ed. 331, the action was for the wrongful, unlawful, and malicious acts of parties who had conspired together, and caused an attachment to be issued and levied upon plaintiff’s property.
The action of ejectment can only be maintained against the real party in possession; that is, against the person who withholds the possession from the plaintiff. Such a person, as a matter of fact, may not be in the actual, personal occupancy of the premises, yet, in the eye of the law, may be in the possession through his agents or servants ; and the general rule undoubtedly is that a mere agent, servant, or employé, having no^ interest, and claiming none, in the premises, acting solely as the representative of another, and only in that manner occupying and being personally on the premises, cannot be sued in an action of ejectment brought to recover them. “For such facts and circumstances only go to show that the employer, and not the servant or employé, is the party in possession, and, of course, answerable in that action.” Polack v. Mansfield, 44 Cal. 36, 39, 13 Am. Rep. 151.
In Hawkins v. Reichert, 28 Cal. 534, 537, the court said:
“It will be readily seen that a mere servant or employé may, in one sense, have the occupation of the premises of which he has no control, and in which he claims no right; but his occupation is the occupation of his employer, within the meaning of that term as employed when treating of the action of ejectment.”
It is apparent from the facts of this case that it is the corporation, not the defendant McGill, that withholds the possession of the premises from the plaintiff.
The case, as presented, is of such a character as to convince this court that McGill is not in any sense a proper party to this action. He is certainly not an indispensable or necessary party defendant. Hicklin v. Marco, 6 C. C. A. 10, 56 Fed. 549, 552, and authorities there *309 cited. His name must therefore have been inserted as a party defendant for the sole purpose of preventing a removal from the state court. It is true that the affidavit on behalf of the plaintiff denies “each and every allegation of fraud,” etc.; but, as was said by Lurton, Circuit Judge, in Arrowsmith v. Nashville & D. R. Co. (C. C.) 57 Fed. 165, 169:
“If, in point of fact, the plaintiff has no cause of action whatever against the resident defendant, and such defendant has been joined as a defendant with the sole purpose of defeating the right of the real defendant to remove the action against it to the circuit court of the United States, then such misjoinder operates as a legal fraud, and will not be permitted to deprive the nonresident defendant of its constitutional right of removal.”
In Dow v. Bradstreet Co. (C. C.) 46 Fed. 824, Shiras, J., in referring tb this subject, after stating that the ruling bf Mr. Justice Miller in Arapahoe Co. v. Ry. Co., 4 Dill. 277, Fed. Cas. No. 502 (which is substantially the same as expressed in the Arrowsmith Case, above quoted), was cited approvingly by the Supreme Court in Walden v. Skinner, 101 U. S. 577, 589, 25 L. Ed. 963, said:
“The reasoning which sustains the doctrine, which is now too firmly established to be called in question, that, in determining the jurisdiction of the circuit court of the United States, regard will be had only to the citizenship of the real parties in interest, disregarding wholly all nominal or immaterial parties upon the record, seems to me to be equally applicable to eases wherein it is made to appear that a party having in fact no interest in, or actual connection with, the subject of litigation, has been joined as a- party with those actually interested for the sole purpose of defeating the jurisdiction of the federal court. A fraud of this nature, if successful, deprives the citizen of a right conferred upon him by the Constitution and laws of the United States, and it certainly must be true that it cannot be perpetrated without a remedy existing for its correction. Unless this be so, then it is possible to defeat in every instance the right of removal, when the same depends upon the citizenship of the adversary parties, by the easy device of joining as a party one who has no interest in the case, but who is a citizen of the same state as the plaintiff.”
And cites several authbrities in support of the views expressed by him. See, also, Prince v. Railroad Co. (C. C.) 98 Fed. 1, 3; McCormick v. Railroad Co. (C. C.) 100 Fed. 250, 252; Loop v. Winters’ Estate (C. C.) 115 Fed. 362, 366; Garrard v. Silver Peak Mines (C. C.) 76 Fed. 1, 3, and authorities there cited.
The motion to remand is denied.