EVANS, District Judge.
The plaintiff, averring himself to be a _ citizen of Kentucky, brought this action in the state court against the American Express Company, A. B. Schlitzbaum, C. J. Abbott,, and E. D. Graff, the three last of whom he especially avers to be citizens of Kentucky, to recover $28,000, alleged to have been delivered to the express company at Owensboro, Ky., for carriage to Fordsville, Ky., and which he says was lost by the gross and willful negligence of the company and its agents, the individual defendants, each of whom was an agent, in some capacity, of the company. The plaintiff also avers that, at the time of the delivery of the money to the company, it executed and delivered to. him a receipt therefor, which is set out in full in the petition, and which not only acknowledged the receipt of a package said to contain $28,000, but also embraced in full the terms of the contract made at the time between the plaintiff and the express company, in the usual form. In no one of the stipulations of that contract have either of the individual defendants any personal concern, as separated from the company. However, the latter is admitted and alleged not to be a body corporate, but to be a joint-stock association or partnership organized under the laws of New York. It has a membership of two or three thousand persons, all of whom (unless, possibly, the defendants Abbott and Graff) seem to be citizens of states other than Kentucky; but the plaintiff, while declaring on the written contract, also avers not only that the individual defendants are citizens of Kentucky, but that the defendants Abbott and Graff are each members of the association. The laws of New York seem to give the association the right to sue and be sued by and through its treasurer for the time being,, and section 25 of the Kentucky Civil Code of Practice is in this language :
*716 “Sec. 25. When One may Sue or Defend for Others. If the question involve a common or general interest of many persons, or if the parties be numerous and it is impracticable to bring all of them before the court within a reasonable time, one or more may sue or defend for the benefit of all.”
No one of the two or three thousand partners or members of the association are sued by name or in person, unless it be the defendants Abbott and Graff, and it would be manifestly impossible to get all of the members of'the association before the court personally within a reasonable time, if, indeed, those members who are not citizens of the state of Kentucky could ever be personally served with process at all. The American Express Company is not such a legal entity as can be sued as a corporation, but James C. Fargo, a citizen of New York, who admits that he is the company’s treasurer and one of its members, and therefore personally liable on its contracts, has voluntarily entered his appearance in the action in the state court, and has filed his petition therein for the removal of the action to this court, as being one between citizens of different states, namely, between the plaintiff, a citizen of Kentucky, and Fargo, a citizen of New York, the treasurer of the company, and a member thereof. The plaintiff, without denying any of the averments of the petition for the removal, has moved to remand the action to the state court, from whence, on the petition of Fargo, it was removed into this court. It may be that a strict practice would require a traverse by the plaintiff of the allegations of the petition for a removal, but the custom of this court has been to hold as controverted, without response, any allegations in a petition for removal which assert or attempt to show that the plaintiff had misjoined with himself citizens of his own state for the sole purpose of defrauding the jurisdiction of this court and defeating the right of removal. Possibly this may not be the correct practice, though I think it is; but it was acted upon in this case, and it would be unfair to the plaintiff, after a hearing and submission of the motion to remand, to permit any advantage to be taken by reason of the observance of that custom in this case under the circumstances; nor, indeed, has any advantage been sought on that account by the defendant, who at the hearing raised no such objection. The reasons °upon which the court has pursued that course have been, first, because no presumption can be indulged that misjoinders for that purpose have been made; second, because strictness should be required where a removal is sought on an allegation that there has been a misjoinder for that purpose; third, because no statutory requirement of further pleadings has been found; and, fourth, because the Supreme Court, in its opinion in Louisville & Nashville R. Co. v. Wangelin, 132 U. S. 601, 10 Sup. Ct. 203, 33 L. Ed. 473, has said that the removal cannot be maintained “unless the petitioner both alleges and proves that the defendants were wrongfully made joint defendants for the purpose of preventing a removal into the federal court.”
Upon these considerations, this court has heretofore acted upon the view that such averments in a petition for a removal should be treated as traversed, per se, by the law and by the motion to remand, and that, when such a motion is made, those averments should, in the *717 language of the Supreme Court, just quoted, “be proved.” These observations are made at this time because of late it would seem that some of the courts have required that such averments in a petition for a removal should be expressly denied, or else be taken as true. But for the reasons stated, it has seemed to me, in the absence of statutory requirement, that the law made the issue without a traverse-by further pleading. In other words, the defendant must both “allege and prove” his averments in the matters referred to, in order to prevent a remanding of the case, where, on the face of the plaintiff’s petition, it appears that certain of the defendants are citizens of the same state with the plaintiff.
The defendant Fargo, in his petition for the removal, among other things and in substance, expressly alleged that neither of the defendants Abbott and Graff was a member of the association, nor a partner therein, nor in any wise interested therein; that plaintiff had no information whatever that either of them was a member, and knew that he could not prove such statement to be true as to either of them, and that each of them was joined as a defendant for the sole purpose and intention of defrauding the jurisdiction of this court and preventing a removal of the action to it. These allegations of the petition for a removal were taken as controverted. The burden of showing that they were true'was held to rest upon the defendant Fargo. The testimony was heard at length, and has been carefully considered, and the conclusion has been reached by the court that the truth of those averments has been established beyond question. The court regrets to have been forced to the conclusion that the testimony shows it to be perfectly manifest that Abbott and Graff were joined as defendants, not because it was believed in good faith or at all that they were jointly or severally liable in any way to the plaintiff, but solely in fraud of the jurisdiction of this court, and to prevent the removal of the action. There can be no plausible pretense of joint liability with the express company, which issued the receipt sued on, on the ground of any agency of Abbott and Graff, for it is a manifest case, respecting them as well as Schlitzbaum, for the application of the rule respondeat superior, etc., and so far as the claim that they are partners is concerned, the plaintiff offers no evidence whatever—-either his own statement or that of anybody else connected with the case—that any of them ever supposed for a moment that either Abbott or Graff was a member of the association in fact. On this subject there was absolute silence at the hearing, so far as the plaintiff or any witness for him was concerned. It would seem clear, therefore, that the purpose of the joinder of Abbott and Graff is as palpable as it is inexcusable. The court feels that it would be derelict to a high sense of its duty if it did not say so, though it has chosen mild terms respecting what might admit of the use of much stronger language.
There seems to be, if possible, even less excuse for joining Schlitzbaum, who is not alleged to have been a member of the association, but only one of its local agents. The court has concluded from the evidence that he was certainly made a party for no imaginable object, except to defeat the removal of the case, and it may be said, *718 .as a mere local agent is joined as a defendant with his principal in an action ex contractu, that there can be no doubt that the principles announced in the cases of Warax v. Railroad (C. C.) 72 Fed. 637, Hukill v. Railroad (C. C.) 72 Fed. 745, Prince v. Railroad (C. C.) 98 Fed. 1, McCormick v. Railroad (C. C.) 100 Fed. 250, and Swann v. Mutual Res. Fund Life Ass’n (C. C.) 116 Fed. 232, also apply. There is, the court thinks, nothing in any of the cases cited for the plaintiff—either the Dixon Case, 179 U. S. 131, 21 Sup. Ct. 67, 45 L. Ed. 121, or any other—which in the slightest degree justifies or excuses such attempts to prevent removal as were made in this instance. To suppose otherwise would be to impute to the Supreme Court, and the eminent judges who compose it, sentiments of the possession of which they have given no evidence. See Swann v. Mut. Res. Fund Life Ass’n (C. C.) 116 Fed. 232.
That Fargo, confessing himself to be the treasurer of the association, and one of its members and partners, might enter his appearance as such, and, being a citizen of New York, might remove the action, if otherwise he could show his right to do so, should be regarded as established by cases like B. & O. R. Co. v. Adams Express Co. (C. C.) 22 Fed. 404; Maltz v. American Express Co., 16 Fed. Cas. 566 (No. 9,002), 1 Flip. 611; Whitman v. Hubbell (C. C.) 30 Fed. 81. The principle maintained by those' cases, as applied to this, may be regarded as emphasized by the fact that, until Fargo became a party to the suit by his appearance therein, there was no individual or person sued at all who was liable on the contract, unless Abbott and Graff were members of the company. Besides, it may be important to remember that unless they were members, and liable as such, they could not be responsible in this action at all, inasmuch as the suit was upon a written contract made with the association, and not with individuals who were not members of it. The effort to give this suit upon a written contract the color of an action of tort by alleging in the petition that the package was lost by the willful negligence of all the defendants is of itself cumulative evidence of the intent to defraud the jurisdiction of this court and prevent the removal of the case, especially when it is remembered that the contracting association is confessedly solvent and able to meet all its obligations.
The following authorities cited by the plaintiff’s counsel in no wise conflict with the views we have stated: C. & O. Ry. Co. v. Dixon, 179 U. S. 131, 21 Sup. Ct. 67, 45 L. Ed. 121; C., P. I. & P. R. Co. v. Martin, 178 U. S. 245, 20 Sup. Ct. 854, 44 L. Ed. 1055; Hotel Co. v. Jones, 177 U. S. 449, 20 Sup. Ct. 690, 44 L. Ed. 482; Chapman v. Barney, 129 U. S. 682, 9 Sup. Ct. 426, 32 L. Ed. 800; Burnham v. Bank, 3 C. C. A. 486, 53 Fed. 163; Adams v. May (C. C.) 27 Fed. 907.
Undoubtedly the right of the plaintiff, in all proper cases, to have his suit remain in the state court, where he chose to bring it, and where he had a right to bring it, is as clear, and should be as much respected and enforced, as the right of a defendant, in all proper cases, to remove the case to this court. But the doctrine of all the cases is that neither right shall be defeated by fraud. Here the right to come to the federal court was attempted to be defeated by a plan which, upon the evidence, must be regarded as a manifest attempt to *719 defraud the jurisdiction of this court, and to defeat the right of the defendant to remove the action. This should not be allowed to be successful, especially as any just rights of the plaintiff, it may fairly be assumed, will as certainly and as effectively be enforced in a federal tribunal as they will be in a state court.
The motion to remand must accordingly be overruled.