## LYNCH v. YELLOW CAB CO. OF MISSOURI.

## TURLEY v. MONTGOMERY WARD & CO.

### DOYAL v. EPSTEIN et al.

#### Nos. 9267, 9263, 9293.

District Court, W. D. Missouri, W. D.
Nov. 26, 1935.

Madden, Freeman & Madden, of Kansas City, Mo., for plaintiffs.

Shughart & Johnson, of Kansas City, Mo., for defendant Montgomery Ward & Co.

Mosman, Rogers, Bell & Buzard, of Kansas City, Mo., for defendant Yellow Cab Co. of Missouri.

Ellison & Dabbs, of Kansas City, Mo., for defendants Epstein and others.

REEVES, District Judge.

In all of the foregoing cases, the ad damnum averments of the petitions show damages within the jurisdiction of this court. However, the prayer for judgment in each case is for a sum of money below the jurisdiction of the court. The question for consideration, therefore, is whether the ad damnum averments are controlling as against the prayers as a test of jurisdiction. These being law cases, it must be conceded that the question must be determined from the Missouri state statutes and decisions.

1. Section 764, R.S.Mo. 1929 (Mo.St. Ann. § 764, p. 983), relating to the general subject of pleadings specifically provides in respect of the petition as the first pleading in a law case as follows: "The first pleading on the part of the plaintiff is the petition, which shall contain: * * * second, a plain and concise statement of the facts constituting a cause of action; * * * third, a demand of the relief to which the plaintiff may suppose himself entitled."

The state courts of Missouri have given construction to the force of the foregoing subdivision of said section. Such courts have universally held that: "In actions ex delicto the wrong alleged is the cause of action. The 'demand of the relief to which the plaintiff may suppose himself entitled' is no part of the cause, but is the assertion of a right resulting to the plaintiff therefrom." Knight v. Q., O. & K. C. Ry. Co., 120 Mo.App. 311, loc.cit. 323, 96 S.W. 716, 719; Liese v. Meyer, 143 Mo. 547, 45 S.W. 282; McGrew v. Missouri Pac. Ry., 87 Mo.App. 250; Bick v. Vaughn, 140 Mo.App. 595, 120 S.W. 618.

2. The Supreme Court of the United States in Iowa Central Ry. Co. v. Bacon, 236 U.S. 305, loc.cit. 309, 35 S.Ct. 357, 358, 59 L.Ed. 591, supported the above doctrine when it said: "The state court had authority to determine the effect of the prayer to the petition." In that case the court determined the jurisdictional issue upon the interpretation made by the state court of Iowa as to the force of the prayer in the petition. The court said in reference to the interpretation of the state court: "And it decided that, under the petition, no more than the amount prayed for could be recovered in the action, notwithstanding the statement that the estate had suffered damage in the sum $10,000."

No such construction as this has been placed by the courts of Missouri upon the effect of the prayer in the petition.

3. No doubt the court should be guided by the interpretation placed upon section 41, title 28, U.S.C. (28 U.S.C.A. §

41), relating to the subject of "original jurisdiction" of the federal courts. It is specifically provided that under certain circumstances the court has jurisdiction "where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000." 28 U.S.C.A. § 41(1).

It would seem from the Missouri authorities that the ad damnum averments of the petition constitute the matter in controversy. Moreover, in Elliott v. Empire Natural Gas Co., 4 F.(2d) 493, 495, the Court of Appeals, Eighth Circuit, speaking through Judge Kenyon, referred to the case of Smith v. Adams, 130 U.S. 167, loc.cit. 175, 9 S.Ct. 566, 32 L.Ed. 895, and quoted therefrom as follows: "By matter in dispute is meant the subject of litigation, the matter upon which the action is brought and issue is joined, and in relation to which, if the issue be one of fact, testimony is taken."

4. The confusion of the courts as to what constitutes "the matter in dispute" is not as real as may be thought from a superficial examination of the authorities.

While ordinarily in personal injury cases the only interest affected would be that asserted by the plaintiff, yet in most cases the matter in controversy is considered from the standpoint of the value of the property involved. This is true, even though the prayer for relief, so far as an individual plaintiff is concerned, is far below the jurisdiction of the court. By analogy of reasoning, the matter involved in the cases now under consideration would be determinable from the ad damnum averments of the petition. Under the Missouri authorities, that amount would be affected even though by inadvertence in the prayer the individual plaintiff would not claim the full amount of his alleged damages. The testimony in the case would necessarily cluster about and tend to support or defeat the claim of damages as stated in the ad damnum clause. Reasonably, therefore, this would be the amount in dispute or the matter in controversy. The amount the plaintiff would elect to recover is not the matter on trial, but the amount of his claimed damages. To be more specific and concrete, if liability should be established in a personal injury case, the next matter in controversy would be the extent of the damages. Regardless of the prayer, the averments of the petition would be broad enough to permit evidence up to and even beyond the amount claimed in the ad damnum averments. The whole legal battle would be fought on the extent of damages as set forth in the petition.

5. It is quite true that in a number of cases, including the case of Iowa Central Ry. Co. v. Bacon, supra, the courts have admitted that the prayer of the petition would determine the jurisdiction of the court.

In the case of Harley v. Firemen's Fund Ins. Co. (D.C.) 245 F. 471, 476, the court had under consideration a residue claimed as remaining unliquidated in an accident which involved considerable loss. The averments of the petition in that case were in perfect harmony with the prayer of the petition. The court said: "The complaint in this case shows no inconsistency between the statement of the amount due and the prayer of the plaintiff."

An examination of the case discloses that there was in fact no inconsistency. However, the court did say further on the question of inconsistency between the statement and the prayer: "Conceding that it did, the following cases hold that the plaintiff may waive the excess of federal jurisdiction and sue for a less sum: Collins v. Twin Falls, etc. Co. (D.C.) 204 F. 134; Swann v. Mutual, etc., Life Ass'n (C.C.) 116 F. 232; Maine v. Gilman (C.C.) 11 F. 214; Waite v. Phoenix Ins. Co. (C.C.) 62 F. 769."

An examination of these cases for the most part discloses that either the plaintiffs specifically gave credit in the ad damnum averments or that the state courts in the particular jurisdiction gave force to the prayer of the petition. In Maine v. Gilman, supra, the court said:

"In the mode of pleading adopted in Maine the ad damnum binds the plaintiff as a maximum. * * *

"It is a common practice to permit a charge [change] in the ad damnum by increase and by diminution. If the latter, there hardly seems any necessity for notice to the other party. * * * It cannot injure the defendant to have the damages diminished, excepting that it would prevent his removing the cause to the circuit court."

It will be observed that in the Maine v. Gilman Case that the plaintiff had filed a motion to reduce the ad damnum of his writ to $500, which was granted at 3 o'clock in that afternoon, and at 4 o'clock

928

of the same afternoon the defendant, Anna, filed her bond for removal which was approved.

In the case of Swann v. Mutual Reserve Home Life Insurance Company, supra, a Kentucky case, the court held, as disclosed by the first syllabus: "Where a plaintiff in a state court in his complaint prays judgment for a sum less than $2,000, and by the statute his recovery is limited to the amount prayed for, the sum so demanded is the amount in controversy, within the meaning of the removal act, regardless of the allegations of the complaint."

In the last-cited case, the court found good grounds for a limitation of recovery in the prayer of the petition. The court said: "In a case like this, where a plaintiff might certainly concede something as being due to the defendant for carrying the risk, or something upon the idea that certain items of his claim may be barred by the statute of limitations, it seems to me that the plaintiff might fairly demand a return of only a portion of the premiums which he had actually paid upon a policy of insurance which had been in force for so many years."

6. In the cases now under consideration, there is an obvious inconsistency between the ad damnum averments and the prayers of the petitions. It is hard to reconcile such inconsistency.

The deduction seems proper that the plaintiffs were seeking an advantage. Either the object was to defeat the jurisdiction of the federal court, or to maintain the assertion of damages beyond the prayer with the thought that at some stage in the case an amendment increasing the demand might be made. The courts have repeatedly held that an amendment of the prayer does not alter the cause of action. I can see no reason why the plaintiffs would not be entitled, at the close of a trial upon the pleadings as they have been presented, to ask for an amendment of the prayer so as to entitle them to have the jury consider a larger award in conformity with the averments of the petition, and possibly to conform to the proof. This would tend to reinforce the view that the amount in controversy was that amount stated in the ad damnum averments.

The Eighth Circuit Court of Appeals in Royal Insurance Company of Liverpool v. Stoddard, 201 F. 915, declined to hold jurisdiction even though the amount in controversy was admitted by both of the parties to be within the jurisdiction of the court. The court looked to the body of the petition to ascertain what the controversy was about and there made its valuation of the exact amount in controversy. While nothing was said about the prayer of the petition, yet it is obvious that the prayer of the petition in no given case could confer jurisdiction upon the federal court. The converse must be true, that the prayer of the petition, when inconsistent with the ad damnum averments, could not defeat the jurisdiction of the court.

From an examination of the authorities, I have reached the conclusion that the plaintiff could defeat the jurisdiction of the federal court in these cases by specifically giving credit for all excess in the body of the petition. Of course, such a credit could not now be given so as to oust the court of jurisdiction.

In view of the above, it would seem that this court has jurisdiction of each of the cases because of the ad damnum averments of the petitions. Accordingly, the motions to remand will be overruled, and it is so ordered.